# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TUCKERBROOK ALTERNATIVE INVESTMENTS, LP,<br><br>Plaintiff,<br><br>v.<br><br>SUMANTA BANERJEE,<br><br>Defendant. | CASE NO. 09-CV-11672-WGY |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DEEM SERVICE OF PROCESS EFFECTUATED

### INTRODUCTION

Defendant Sumanta Banerjee has been actively eluding service in this case for months, and without question now has the complaint and actual knowledge that he has been named as the Defendant in this lawsuit. He has corresponded with this Court via email, and is perfectly capable of defending himself if cornered into doing so. Accordingly, Tuckerbrook requests this Honorable Court: (1) to find that Mr. Banerjee has actual notice of the lawsuit against him; (2) to order that he has been effectively served and (3) to order a date certain by which he must file an answer to the complaint.

### FACTS AND PROCEDURAL HISTORY

On October 6, 2009, Tuckerbrook filed its verified complaint with this Court, asserting claims against Mr. Banerjee for breach of a settlement agreement reached in resolution of a prior action in this Court, Tuckerbrook Alternative Investments, L.P. v. Banerjee, D. Mass. Docket No. 08-10636-PBS. On or about October 7, 2009, Tuckerbrook attempted to serve Mr. Banerjee at his home in Weston, Connecticut. Tuckerbrook's process server reported back on October 8,

2009 that no one was home when he arrived, no vehicles were in the driveway and there appeared to be no signs of life or active residence. Shortly thereafter, Tuckerbrook learned that Mr. Banerjee had fled the country and returned to his native India.

On or about October 21, 2009, Tuckerbrook hired a private international process server to serve Mr. Banerjee both personally and through The Hague Service Convention, a process known to take up to nine months.[1] In an added effort to notify Mr. Banerjee of the complaint against him, Tuckerbrook also served Mr. Banerjee electronically by e-mailing him a copy of the summons and verified complaint to his personal e-mail address: "sbaner@gmail.com." A true copy of the e-mail sent to Sumanta Banerjee dated November 2, 2009, is attached hereto as Exhibit A. This is precisely the same email address through which Mr. Banerjee has been corresponding with this Court.

Tuckerbrook recently discovered that on October 28, 2009 Mr. Banerjee transferred title in his Weston, CT residence by quitclaim deed to Anant J. Gandhi and ZBAC, LLC. This fraudulent transfer by Mr. Banerjee strongly suggests he knew about Tuckerbrook's lawsuit last October when it was first filed with this Court. See Town of Weston, CT Land Records, attached hereto as Exhibit B.

On November 30, 2009, Tuckerbrook, through an Indian process service company, served Mr. Banerjee in India with a copy of the summons and verified complaint at his home in Kolkata, India. The Return of Service has previously been filed with this Court and a true copy is attached hereto as Exhibit C. Mr. Banerjee admits in his March 1, 2010 Affidavit filed with this Court that he was served at his residence with papers which he assumed were "papers related to this case." Mr. Banerjee's father, however, refused to accept them in hand, so they were

---

[1] As of the date of this filing, service commenced under The Hague Service Convention five months ago remains pending.

2

placed in the mailbox as he watched. Mr. Banerjee further admits in his affidavit that his late father, presumably instructed by Mr. Banerjee, returned the unopened "papers relating to the case" to the process server the next day. See Page 2 of Affidavit of Sumanta Banerjee.

On February 5, 2010, after Mr. Banerjee had failed for months to answer or otherwise respond to the complaint, Tuckerbrook moved for a Default Judgment against him, a copy of which was again e-mailed to Mr. Banerjee at "baner@gmail.com." A true copy of the e-mail to Sumanta Banerjee dated February 5, 2010, is attached hereto as Exhibit D. On February 23, 2010, this Court entered a default against Mr. Banerjee pursuant to Fed. R.Civ. P. 55(a). Tuckerbrook then filed a Motion for Entry of Default Judgment for Sum Certain in the amount of $248,276.26. Again, a copy of the motion was sent to Mr. Banerjee by e-mail the same date of its filing as a matter of fair play although procedurally unnecessary. A true copy of the e-mail to Sumanta Banerjee, dated February 24, 2010, is attached hereto as Exhibit E.

On March 1, 2010, just four days after receiving Tuckerbrook's Motion for Default Judgment by e-mail, the previously silent Mr. Banerjee e-mailed the Honorable William G. Young from "sbaner@gmail.com" requesting that the Court vacate the Default issued against him. A true copy of Mr. Banerjee's e-mail correspondence to the Honorable William G. Young dated March 1, 2010 is attached hereto as Exhibit F along with its numerous electronic attachments. Remarkably, in his e-mail correspondence to the Court, Mr. Banerjee provided his personal e-mail address, "sbaner@gmail.com," as an effective means of reaching him. On March 9, 2010, this Court allowed the Defendant's Motion to Vacate the Default against him based on Mr. Banerjee's claims that he was unaware of Tuckerbrook's pending lawsuit against him and he has never received service of process.

3

## ARGUMENT

Mr. Banerjee is a United States citizen and, therefore, subject to this Court's jurisdiction. However, for the past several months Mr. Banerjee has been playing a cat and mouse game with Tuckerbrook and this Court by fleeing the country to avoid prosecution; fraudulently transferring assets held within the United States; and knowingly and willfully evading service of process. Tuckerbrook requests the Court find that Mr. Banerjee has been served with the complaint against him in accordance with his due process rights. Furthermore, Tuckerbrook seeks an Order from this Court directing Mr. Banerjee to file his answer to the complaint within the customary twenty (20) days.

Constitutional notions of due process require that any means of service be "reasonably calculated, under all circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Similar notions of due process are found within the Federal Rules of Civil Procedure: Pursuant to Rule 4(f), the service of individuals in a foreign country outside of the U.S. demands that constitutional due process rights be satisfied by "any internationally agreed means of service that is **reasonably calculated to give notice...**" Fed.R.Civ.P. 4(f)(1). (emphasis added).

Aware of their legal obligations and the importance of proper notification, Tuckerbrook has expended considerable time, money and resources to ensure that Mr. Banerjee was provided with reasonable notice of the lawsuit filed against him. For months, Tuckerbrook has made vigilant efforts to serve Mr. Banerjee and notify him of the pending suit, while Mr. Banerjee has made vigilant efforts to evade service. He has now admitted, however, through his recent correspondence with this Court that he is aware of Tuckerbrook's action against him and is in

4

receipt of the complaint and pleadings filed as evidenced by the attachments to his Motion and Affidavit dated March 1, 2010.

As such, Tuckerbrook asks this Court to enter an Order finding that Mr. Banerjee is aware of Tuckerbrook's lawsuit against him, and he has been afforded his due process rights in receiving reasonable notice of the pending litigation. Tuckerbrook also moves this Court to Order Service of Process effectuated as of this date and require Mr. Banerjee to answer the complaint filed against him within twenty (20) days. In the alternative, if the Court believes Mr. Banerjee is not aware of Tuckerbrook's action against him and is, therefore, not inclined to Order Service of Process effectuated, Tuckerbrook seeks an Order pursuant to Fed.R.Civ.P. 4(f)(3) permitting service of process on Mr. Banerjee via electronic mail ("e-mail").

Courts are afforded great discretion in determining service of process under Rule 4(f)(3). A Court may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement and (2) comports with constitutional notions of due process, U.S. Commodity Futures Trading Comm'n v. Lake Shore Mgmt. Ltd., No. 07 C 3598, 2008 WL 4299771, at 4 (N.D.Ill. Sept. 17, 2008). Rule 4(f)(3) "provides the Court with flexibility and discretion empowering courts to fit the manner of service to the facts and circumstances of the particular case." In re International Telemedia Assoc., Inc., 245 B.R. 713, 719 (Bankr.N.D.Ga.2000) (Bankruptcy court granted Rule 4(f)(3) motion approving service of process to Defendant's last known e-mail address.)

As such, it is well within this Court's discretion and authority to intervene at this juncture and fashion an alternative means of service pursuant to Rule 4(f)(3) in order to prevent further delays and unnecessary expenditures. See FMAC Loan Receivables v. Dagra, 228 F.R.D. 531, 534 (E.D.Va.2005). Tuckerbrook can find no agreement between India and the United States prohibiting service by e-mail, and Indian law provides for electronic mail ("e-mail") service

5

within its own country in domestic suits pursuant to the Indian Code of Civil Procedure (Amendment) Act, 2002. See Attached Exhibit G.

Moreover, service by e-mail comports with traditional notions of due process and is particularly well tailored to the specific facts and circumstances of this case. Mr. Banerjee has demonstrated he is computer savvy through his use of modern technology as evidenced by his e-mail correspondence with this court and the electronically scanned pleadings he attached as motion exhibits. He has offered e-mail as an official means of communication and provided the Court with his personal e-mail address as an effective means of reaching him. Service by e-mail has become more and more prevalent in recent years given the advancements of technology. It has become especially effective when a Defendant lives abroad and is avoiding service. See, e.g., Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1017-18 (9th Cir.2002) (concluding that service by electronic mail is "reasonably calculated to apprise the defendant of the pendency of an action and afford him an opportunity to respond;" "when faced with an international scofflaw playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process"); Williams v. Advertising Sex LLC, 231 F.R.D. 483, 488 (N.D.W.V.2005) ("the Court concludes that service of process by electronic mail is authorized by and warranted under Rule 4(f)(3) of the Federal Rules of Civil Procedure.).

Service by email is especially appropriate in this case where Mr. Banerjee has employed e-mail as his primary method of communication with this Court. See Broadfoot v. Diaz, 245 B.R. 713 (Bankr.N.D.Ga 2000). (alternative service by e-mail is proper for a defendant who is well known to communicate via e-mail.) The facts and circumstances of this case, particularly with respect to Mr. Banerjee's use of e-mail, lend itself to the Court's reasoning in Broadfoot and its progeny.

## CONCLUSION

Accordingly, Tuckerbrook respectfully moves this Honorable Court: (1) to find that Mr. Banerjee has actual notice of the lawsuit against him; (2) to order that he has been effectively served and (3) to order a date certain by which he must file an answer to the complaint. In the alternative, the Plaintiff moves pursuant to Fed.R.Civ.P. 4(f)(3) for an order permitting service of process by e-mail to the Defendant's known e-mail address at "sbaner@gmail.com."

Respectfully submitted,

/s/Sean T. Carnathan
Thomas N. O'Connor (BBO #377185)
E-mail: toconnor@ocmlaw.net
Sean T. Carnathan (BBO #636889)
E-mail: scarnathan@ocmlaw.net
Meaghan M. Fitzpatrick (BBO #653905)
E-mail: mfitzpatrick@ocmlaw.net
O'Connor Carnathan & Mack LLC
8 New England Executive Park, Suite 310
Burlington, MA 01803
Telephone: 781.359.9000
Facsimile: 781.359.9001

March 24, 2010

## CERTIFICATE OF SERVICE

I, Sean T. Carnathan, hereby certify that a true and accurate copy of the foregoing Motion for Effectuated Service and Memorandum in Support of its Motion has been filed and served through the Court's electronic filing system, this $2^{4th}$ day of March, 2010 and that an electronic copy has been forwarded directly to the Defendant.

/s/Sean T. Carnathan