IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TUCKERBROOK ALTERNATIVE )
INVESTMENTS, LP, )
      Plaintiff )
    )
v. )   Case No. 1:12-cv-11643
    )
SUMANTA BANERJEE, )
      Defendant )
_____)

MOTION TO VACATE THE DEEM PROCESS OF SERVICE EFFECTUATED
AND MOTION TO DISMISS THE ACTION

Table of Contents                                                                                          Page

I.   Facts                                                                                                  2

II.  Argument                                                                                               6

| Exhibit | |
|---|---|
| 1 | Judge Young Memorandum and Order dated Nov 30, 2010 |
| 2 | Matorin's Supplemental Memorandum of Law in Support of Defendant's Motion to Set Aside Default Judgment |
| 3 | Status Conference held June 27, 2012 Page 7, line 5-9 |
| 4 | Supplemental Settlement Agreement 1&2, various emails from Hassett to Banerjee |
| 5 | Hague Convention on the Service Abroad of Judicial and Extrajudicial documents in Civil or Commercial Matters |
| 6 | (1) Email from Banerjee (2) Sumanta Banerjee deposition 7/21/11 (3) Affidavit of Carnathan |
| 7 | Letters Blogatory: Case of the Day: Tuckerbrook Alternative Investments v. Banerjee |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TUCKERBROOK ALTERNATIVE ) <br> INVESTMENTS, LP, ) <br>       Plaintiff ) <br> ) <br> v. ) <br> ) <br> SUMANTA BANERJEE, ) <br>       Defendant ) <br> _____) | Case No. 1:12-cv-11643 |

## MOTION TO VACATE THE DEEM PROCESS OF SERVICE EFFECTUATED AND MOTION TO DISMISS THE ACTION

Pursuant to Fed. R. Civ. P. 4(f)(1) and Fed. R. Civ. P. 4(m), Defendant Sumanta Banerjee respectfully asks that the Court to **Vacate/Dismiss the Deem Service of Process Effectuated** and order the Plaintiff to follow the Fed R. Civ P 4(f)(1) and serve Mr. Banerjee via the Hague Convention Rules, since Mr. Banerjee has been a foreign resident since early 2009. Defendant Sumanta Banerjee respectfully asks the Court to dismiss the Action altogether as there has been **Insufficient Process of Service**. The Honorable Judge Young of this Federal District Court in a Memo and Order dated Nov 30, 2010, **[Exhibit 1]** found that Mr Banerjee, because of his status as a foreign resident has to be served via Hague Convention, rules for process of service and in accordance to the Fed. R. Civ P 4(f)(1). Mr. Banerjee also respectfully submits that the court erred in granting the motion of deem service of process effectuated possibly as a result of various misrepresentations of Proof of Service by Tuckerbrook and their Counsel as they had done to the Honorable Judge Young's Court in 2010 (there is reference to Tuckerbrook's misrepresentation in the Memorandum and Order dated November 2010). Also, we would also like to bring to the Court's attention that more than 200 days have passed since the Action was initiated in Federal Court District of Massachusetts. Based on Fed R. Civ. P. 4(m) the Court should dismiss the

1

<u>Action without prejudice</u>. Mr. Banerjee obtained the documents (incorporated herein) of the latest submission of the Counsel from his spouse, who also received communication from the Mr. Carnathan recently via email. Lastly, the previous case, Case no. 1:09-cv-11672-WGY was in the press in May 2011, where all the details are discussed, please see **Exhibit 7**.

## I.  Facts

1. I, Sumanta Banerjee, being over 18 years old, am acting, *pro se*, in order to put forth a response to the "deemed served" order of this case. Banerjee has had no formal legal training. Banerjee is an overseas citizen and resident of India, residing at 58/1 Ballygunje Circular Road, Kolkata (Calcutta), West Bengal, India, 700019. The aforementioned address is the address of record for the Courts (as it has been since 2009 with this Federal District Court). He has no bank accounts in the US, only in India. He does visit the United States often for personal and professional reasons.

2. Due to the fact that Mr. Banerjee has not seen or been served the complaint and is not aware of the contents of the complaint, it is impossible to give your Honor any concrete background on the particulars of this case. As of the writing of this reply dated April 28, 2013, Mr. Banerjee has not been served with the Complaint through the proper Hague Convention channels or by any other means including local Rule 4 (even though they do not apply here due to his status as a foreign resident of India). Mr. Banerjee can speak to the case prior to this one (Case no. 1:09-cv-11672-WGY) that was terminated by Judge Young's court in September 7 2011, after Judge Young found that the case was settled.

3. The details of Tuckerbrook's and their counsel's various attempts to mislead the Court on proper Service of Process to Mr. Banerjee and bypass Rule 4(f) (1) related to service of

process via Hague Convention as it related to a signatory country such as India are documented in the brief submitted to the Court by Esq. Mitchell Matorin in 2010. Also there is a detailed analysis on Hague Convention and its applicability to Mr. Banerjee. **[Exhibit 2].**

4. In the above mentioned case, the Settlement Agreement for Case no 1:09-cv-11672-WGY in June 29, 2011, called for a deposition by Banerjee and a sum payment of $12,500. The settlement amount was insignificant (a mere $12,500) to the initial sum listed in the complaint, $209,028, not even 7% of the original damage amount listed in the complaint. Furthermore, if Tuckerbrook filed another case against Banerjee, it was obligated to return the $12,500 as a condition of the settlement agreement; they have not returned any funds to date even though they filed another case in September 2012; by not returning the funds Tuckerbrook is in violation of the previous settlement agreement.

5. This entire case was an exercise in trying to coerce a deposition July 21, 2011 out of Mr. Banerjee which would aid Tuckerbrook in the lawsuit that Alkek Foundation (lead investor in the Funds managed by Banerjee and Tuckerbrook). As your Honor can see very quickly that this was an abuse of process and malicious prosecution. This abuse of process is against the Rules of Federal Civil procedure, Rule 11(b)(1)(2)(3) and as the Honorable Judge Young acknowledged in the Status Hearing that was held on June 27th, 2012. Included as **Exhibit 3**, pg. 7, line 5-9.

6. By way of background, the Alkek Foundation was a lead investor in the funds managed by Tuckerbrook and Banerjee, where each was 50-50% general partners. Alkek and Tuckerbrook have been in a lengthy court battle since November of 2008. In the latest court battle in Connecticut, Alkek has accused Tuckerbrook and Mr. John J Hassett, (currently CEO of Tuckerbrook and other alter egos of Tuckerbrook such as Little Harbor and Aveon

Group) of stealing millions of dollars (from the funds and using Alkek's money to sue Banerjee) amongst various other fraud charges.

7. The previous case, 11672-WGY, was settled for a deposition where it was a fishing expedition of the Alkek case. But Tuckerbrook did not like the deposition since they could not coerce Banerjee into statements that they could use against Alkek. It seems that Tuckerbrook and Mr. Hassett are bent on continuing with their past "bad behavior" and trying once again to serve Banerjee in an illegal manner. They continue to waste the Court's time with yet another frivolous lawsuit designed to 'bully" Mr. Banerjee into providing Tuckerbrook with additional testimony, etc. to aid Tuckerbrook against Alkek. This is the same exact pattern that Tuckerbrook, Mr. Hassett and their counsel used previously. As way of background, Your Honor should be aware that Mr. Hassett has been sued several times by his varied investors and has made it an occupation to start several businesses to fund his penchant to be a serial litigant.

8. A status hearing was called on June 26, 2012. As it was just a Status Hearing of a terminated case, Mr. Banerjee did not feel it was necessary to be represented by Counsel. At that time Tuckerbrook counsel asked the Court (Judge Young) to confirm where Mr. Banerjee would accept any papers. Mr. Carnathan thought that he was being very clever by asking for Banerjee to take service in CT despite knowing that Banerjee resides in India. The Court may have erred by not remembering that foreign residents cannot accept service in the US due to the Hague Convention Rules of service. Also, Mr. Banerjee may have erred by not reminding the Court of his status as a foreign resident (he only visited CT). This was a blatant attempt by Carnathan to confuse the Court and ask Mr. Banerjee to waive his rights under the Hague Convention. In order to be accommodating to the Court, Banerjee agreed to

4

accept papers while he was in CT. Banerjee (who is not a lawyer) may have erred by not pointing out to Judge Young's court and reminding the court that he is a foreign resident and as such Hague Convention applies. In fact, the acceptance of any summons or complaint would have been void since it was not registered with the proper authorities of India. Additionally, Judge Young his own Memorandum and Order, included **as Exhibit 1** says,

> *"Protecting the rights of foreign residents under international treaties is an important aspect of our judicial system.....The Supreme Court recognized that the intended purpose of the Hague Service Convention is to provide a "simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad. It would undermine this purpose to allow judges to determine the proper method of service of process on a case-by-case basis.*

> So, this District Federal Court has ruled that is only way to serve foreign residents such as Mr. Banerjee. Mr. Banerjee would gladly accept and vigorously defend any action taken by Tuckerbrook as long as he is served properly and through Hague Convention so his rights are not undermined or diminished due to his status as a foreign resident in India. .

9. Currently, it is Banerjee's belief that the current Action is a rehashing of the old case11672-WGY.

10. At the same Status Hearing with Judge Young, Counsel for Tuckerbrook did hand Mr. Banerjee a subpoena on a related Tuckerbrook manner that is in a Federal Court in Connecticut. Tuckerbrook again demonstrated by their action that they make a habit of skirting the rules and illegally serving Banerjee in direct opposition to Fed. R. Civ. P. Rule

4(k)(1)(A) which states that the summons will be served in the jurisdiction where the district court is located. The District Court for the matter of the Subpoena was Connecticut not Massachusetts, which was where the Status Hearing was taking place.

11. During the month of July 2012, Tuckerbrook continued to threaten Banerjee with a new lawsuit, alleging in the new "settlement" that it would now and forever settle the Litigation. There was NO litigation outstanding at that time, merely the threat to coerce Mr. Banerjee into providing more information. Please see **Exhibit 4**, which contains two new Settlements, and numerous emails demonstrating Tuckerbrook's threatening, browbeating behavior, coercing and blackmailing of Banerjee. Again the abuse of process and malicious prosecution is clearly demonstrated.

12. After several attempts by Banerjee to be accommodating and provide Tuckerbrook with additional information Tuckerbrook decided that Mr. Banerjee's truthfulness was unacceptable and useless. Please refer to the emails included in **Exhibit 4**, from John J. Hassett which demonstrate his desperation in trying to coerce Mr. Banerjee into saying things like "Alkek colluded with Mr. Banerjee or some derivation thereof." Mr. Banerjee refused to say anything that was untrue in a sworn affidavit. Mr. Banerjee had postponed his return to India for a deposition scheduled in August 2012 in the Alkek case. However, the deposition was rescheduled indefinitely by Tuckerbrook and Mr. Banerjee had to leave for India in late August/early September. Mr. Banerjee has not visited the property in CT since early September and has no intentions of visiting it in the near future. The property is vacant and has been locked up since early September 2012.

13. Banerjee is certain that this new case, of which he has yet to see the Summons and Complaint, is another attempt to blackmail Banerjee into providing yet again testimony and

information that could prove useful to Tuckerbrook in the current matter with Alkek Foundation. And the blatant attempts by Tuckerbrook to skirt Rule 4(f)(1) or even local Rule 4 (even though they do not apply here) for Process of Service continue with Mr. Carnathan attempting to serve Mr. Banerjee in a house in CT that is <u>vacant and locked up</u> and where Mr. Banerjee has not resided since 2009 while knowing fully well that Mr. Banerjee resides in India at the address mentioned in this document (even this Federal District Court has communicated with Mr. Banerjee at this address many times in the past). Mr. Carnathan should be aware that it is not possible for Mr. Banerjee to have residence in two countries at one time.

## II.    Argument.

The Court must Vacate the Deem Service of Process Effectuated ruling and order Tuckerbrook to serve papers pursuant to the Hague Convention and in accordance with the Federal Rules of Civil Procedure 4(f)(1).

1. Motion to vacate/dismiss Deem Service of Process Effectuated

    <u>Insufficient Service of process</u>.

    - Mr. Banerjee is a resident of India and India is a signatory of the Hague Convention of countries. As such, any documents that are to be served to Mr. Banerjee are required to be served according to the rules and articles of The Hague Convention.

    - The Plaintiff is well aware that Mr. Banerjee is a resident of India and has been a resident of India since 2009. Mr. Banerjee travels extensively as required by his job, and is often in the U.S. He has appeared for a deposition for Tuckerbrook in the prior case (11672-WGY), while he was visiting the US.

- The Federal Rules of Civil Procedure Rule 4(f)(1) states that an individual that in a foreign country be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;"
- India subscribes to the Hague Convention and as such and legal documents have to be served in accordance to the procedures set forth so as to be a valid service. As such, the Plaintiff is required to provide service by the Hague Service Convention as prescribed by Article 15 (also attached at Exhibit 4)

  *Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that -*

  *a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or*
  *b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention, and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.*

- Even If Rule 4(f)(3) applied, Neither Certified Mail Nor DHL Are Permissible Methods of Service Under Rule 4(f)(3). Even if the Hague Convention did not preempt Rule 4(f)(3), neither certified mail nor service via DHL were permitted because both are "prohibited by international agreement." Specifically, India has registered an objection to Article 10(a) of the Hague Convention, which permits "sending" judicial documents via postal channels provided that the receiving state does not object. **Exhibit 5** ("India is opposed to the methods of service provided in Article 10.").[1] Service via DHL is within

---

[1] Available at: http://hcch.e-vision.nl/index_en.php?act=status.comment&csid=984&disp=resdn.

the scope of Article 10(a) and is also prohibited. Compare Mones v. Commercial Bank of Kuwait, S.A.K., 502F. Supp.2d 363, 370-7 (S.D.N.Y. 2007)(DHL service prohibited where signatory objected to Art. 10), *and RSM Prod. Corp.v. Fridman*, 2007 WL 1515068, at*2((S.D.N.Y. May 24, 2007) (same, for FedEx), *with EOI Corp. v. Med. Mktg. Ltd.*, 172 F.R.D. 133, 143 (D.N.J. 1997) (DHL is permitted service by mail where signatory has not objected), and R. Griggs Group Ltd. V. Filanto Spa, 920 F. Supp. 1100, 1103 (D. Nev. 1996)(same, for FedEx). Cf. Nuovo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d 374, 384 (5th Cir. 2002) (Art. 10 did not permit service of process by mail at all); Intelsat Corp. v. Multivision TV LLC, 2010 WL 3368655, at *7 (S.D. Fla. Aug. 24, 2010) (same).[2]

- The Plaintiffs in this case as well as the attorneys that represent the Plaintiff are well aware of the Hague Service of Convention rules and regulations (as the previous case required the Plaintiff to serve Mr. Banerjee in India) as they have acknowledged in previous court filings in relation to a prior case.

- Tuckerbrook in the previously mentioned case improperly served the complaint to Mr. Banerjee and in fact Mr. Banerjee never received the complaint. Tuckerbrook has again tried to skirt the rules and sent copies of the complaint in the current case to a vacant house in CT when they were aware that Mr. Banerjee resides in India and not in Connecticut. This knowledge is demonstrated by Tuckerbrook's own counsel in **Exhibit 6**.

---

[2] Whether Art. 10 even authorizes service of process through the mail as opposed to merely "sending" non-process documents is controversial, but the only authority in this District holds that it does not. See *Golub v. Isuzu Motors*, 924 F. Supp. 324, 327 (D. Mass. 1996) (noting split of authority but holding service of process by mail not authorized). *See also Nuovo Pignone, supra,*; *Bankston v. Toyota Motor Corp.*, 889 F.2d 172, 174 (8th Cir. 1989) (service by registered mail not permitted); *Cooper v. Makita, U.S.A., Inc.*, 117 F.R.D. 16, 17 (D. Me. 1987) (same).

9

- In the previous case, in **Exhibit 1**, Order of His Honor, Judge Young, states that

  *"Furthermore, Banerjee was never properly served under the Hague Service convention, which would render the judgment void ...."*

- Judge Young clearly states that he is aware of the Hague Convention and that due to Mr. Banerjee's residential status, any documents that have been filed, should be delivered to Mr. Banerjee by the proper channels as prescribed the Hague Convention. Please see attached Judge Young's Memorandum and Order as Exhibit 1. Judge Young asserts:

  *"The defendant, Banerjee, is a resident of India. India has been a signatory to the Hague Convention since November 23, 2006. ...Because India opposes the methods of service prescribed in Article 10 [the Hague Convention], certified mail was not a sufficient method of service in this case. Accordingly, to effect proper service in India consistent with the Hague Service Convention, a plaintiff must submit a copy of the complaint and summons to the Central Authority of India, which shall then serve the documents to the appropriate agency through a method proscribed by the internal law of the country."*

  *"Tuckerbrook claims to have initiated service properly through the Hague Service Convention......This bare assertion of compliance is unaccompanied by any evidentiary support to show that Tuckerbrook has even attempted to proffer service through the proper channels under the Hague Service Convention. Without evidentiary support, this Court has no choice but to conclude that Banerjee was not properly served."*

  *"Protecting the rights of foreign residents under international treaties is an important aspect of our judicial system. The Supreme Court recognized that the intended purpose of the Hague Service Convention is to provide a "simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." <u>It would undermine this purpose to allow judges to determine the proper method of service of process on a case by case basis, rather than according to clearly enacted rules.</u>"*

- Further evidence of Mr. Carnathan and Tuckerbrook's knowledge that they were aware of Mr. Banerjee's residential status is demonstrated in Exhibit 6: deposition of Banerjee on July 21, 2011. In the deposition [**Exhibit 6, pages 8-9**] of Mr. Banerjee

10

was asked his place of residence and Mr. Banerjee answered that he resides and is a resident of India. Mr. Banerjee has not had any change of address since the time of the deposition, Tuckerbrook and Hassett are aware that Mr. Banerjee still lives and works in India. This is again shown in **Exhibit 6**. This Exhibit 6 of Mr. Carnathan is response to the CT attorney involved in yet another case involving Mr. Hassett and Tuckerbrook.

- Service of process was insufficient and the Plaintiff has not served the complaint within the allotted time for the Action to be valid. As such the Court must dismiss this Action because the service of process was insufficient (a) in the accordance with the local US Federal Rules of Civil Procedure Rule 4(l)(2)(A) (B) which state that

   > (2) *Service Outside the United States.* Service not within any judicial district of the United States must be proved as follows:
   >   (A) if made under Rule 4(f)(1), as provided in the applicable treaty or convention[the Hague convention]; or
   >
   >   (B) if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee.

    and (b) the time limit for serving the summons has passed, the complaint was filed on or about September 4, 2012, over 200 days since the filing of the case in the District Court therefore it is **insufficient service of process**.

- As mentioned previously, Mr. Banerjee has yet to receive the complaint and summons and the Plaintiff cannot show proof that Mr. Banerjee has received the complaint through the proper channels as required by the articles of the Hague Convention. The Plaintiff has not even satisfied the Federal Rules of Civil Procedure

which require proof of service and based on Fed. R. Civ. P. 4(m) well over 200 days have passed since the original complaint was filed in September 2012.

- Tuckerbrook would not suffer irreparable harm if the Court orders Tuckerbrook to follow due process of the Hague Convention pursuant to Federal Rule 4(f). However, Banerjee will suffer irreparable harm as he is a resident of India and there is no way for Mr. Banerjee to adequately defend himself against their baseless, meritless and frivolous lawsuit (which is again an abuse of process and malicious prosecution) unless governed by the Hague Convention for service and otherwise. Mr. Banerjee is prepared to defend himself vigorously and will probably counter claim Tuckerbrook on Abuse of process/Malicious prosecution since Mr. Banerjee has spent close to $100,000 on legal representation. However, he insists on being served under Hague Convention so that his rights as a foreign citizen are not undermined or diminished.

- The Federal Court of Honorable Judge Young has already ruled attached (**Exhibit 1** dated Nov.30, 2010), that Hague convention applies. Also, Mr. Banerjee has been *pro se* since the Status Conference in June 2012 and would need the time afforded by Hague Convention. *See, e.g., Triestman v. Fed Bur. Of Prisons*, 470 F. 3d 471, 474 (2d Cir 2006) ("implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training."). This might create a slight delay for Tuckerbrook; since Tuckerbrook knows Mr. Banerjee's address in India and can follow due process as governed by Rule (4)(f)(1) as it applies to the Hague convention and service in India. Tuckerbrook has refused to follow due process, as also found in Judge Young order, since their rush to serve in an illegal

manner is always based on the deadlines of the other case against the Alkek Foundation. This again demonstrates an abuse of process and malicious prosecution.

2. <u>Proof of Service</u>. The Plaintiff and their Counsel are not able to provide any proof of service of the documents related to this Action, because there has been no proof of service upon Mr. Banerjee. <u>Tuckerbrook has been sending the complaint to an empty vacant house as Banerjee does NOT reside there and has not been in that residence since early September of 2012.</u> The papers that were sent to the empty vacant house were returned to Tuckerbrook on October 9, 2012, further demonstrating that Banerjee never received them. This return of papers to Carnathan is demonstrated clearly in Exhibit 6. Furthermore, Mr. Carnathan has not provided any proof that he has registered this complaint with the proper authorities of India and as such there has been no proof of service that Mr. Carnathan can to provide to the Court. Mr. Carnathan has stated in his affidavit that included as Exhibit 6 *"my firm's efforts to serve Mr. Banerjee by certified mail at his residence in Connecticut."* Mr. Carnathan is well aware that Banerjee was not in CT and that the address that the documents were sent to was not the residence on record for Mr.Banerjee. Mr. Carnathan has NOT shown that the documents were received and/or even acknowledged by Mr. Banerjee.

3. The Action must be dismissed as more than 120 days have passed since the Complaint was filed with the Court. There has been no proof the Mr. Banerjee has received the complaint to date, either thru the Hague Convention prescribed method or by the prescribed method of Rule 4 of the Fed R. of Civ. P.

- It has been over 200 days since Service of Process was initiated by the Plaintiff. According to the PACER system, the complaint was submitted to the courts September 4, 2012. The Plaintiff cannot show any proof of the service either here in the US (where Mr. Banerjee does NOT reside) or in India (which is where Mr. Banerjee does reside). Based on the Federal Rules of Civil Procedure of the US District Courts Rule 4(m) states that: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

## CONCLUSION

For the foregoing reasons, as well as those set forth herein, Mr. Banerjee respectfully requests that the Court (1) Vacate Deem Process of Service Effectuated or order Tuckerbrook to promptly serve the Complaint in accordance with the Hague Convention (2) or have the Complaint dismissed the all together for insufficient process of service Rule 4(l)(1) and for exceeding the Time Limit of Service for over 120 days as governed the Federal Rules of Civil Procedure of the US District Courts Rule 4 (m).

Dated April 28, 2013

Respectfully Submitted,
SUMANTA BANERJEE

58/1 Ballygunje Circular Rd

Kolkata, West Bengal 700019

India