UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| TUCKERBROOK ALTERNATIVE INVESTMENTS, LP, | ) |
|---|---|
| Plaintiff | ) |
| v. | ) CASE NO. 12-CV-11643-GAO |
| SUMANTA BANERJEE, | ) |
| Defendant | ) |

**PLAINTIFF TUCKERBROOK ALTERNATIVE INVESTMENT LP'S OPPOSITION TO DEFENDANT BANERJEE'S MOTION TO REQUEST EXTENSION OF TIME TO FILE AN ANSWER WITH THE COURT**

Plaintiff Tuckerbrook Alternative Investments, LP ("Tuckerbrook") hereby opposes Mr. Banerjee's motion for extension of time to file an answer with the Court.

Here we are again with another untimely motion by Mr. Banerjee for still more time in which to answer a complaint with regard to which he has already defaulted (repeatedly). The Court should summarily deny Mr. Banerjee's motion and enter default against him, as previously requested by Tuckerbrook.

In support of its opposition, Tuckerbrook incorporates by reference its prior filings and further states as follows:

1. Mr. Banerjee's ongoing efforts to avoid service and delay this action stem back more than a year (and much farther still in the prior related action), as set forth in Tuckerbrook's prior pleadings, pursuant to which this Court deemed service effective in its order dated **April 8, 2013**. Docket No. 8.

2. As of April 8, 2013, Banerjee knew perfectly well that his answer was due, and on April 29, 2013, Mr. Banerjee moved to vacate the process of service effectuated and to dismiss the action, which Tuckerbrook opposed. Docket No. 9.

3. On May 24, 2013, this Court denied Mr. Banerjee's motion to vacate and dismiss, expressly finding that "Plaintiff has gone to great lengths to serve the defendant and provided evidence that the defendant was adequately served via electronic mail." Docket No. 11.

4. The attachments to Banerjee's own motion show that no later than June 18, 2013, he was well aware that the Court had denied his motion to vacate and dismiss, thereby making his answer due within 14 days – at latest, on or before July 2, 2013. Fed. R. Civ. P. 12(4)(A).

5. On June 21, 2013 Tuckerbrook then requested an Entry of Default under Fed. Rule Civ. P. 55(A). Docket No. 13.

6. Even in light of all this, Banerjee waited until July 3, 2013 to file an untimely motion for extension of time to file an answer.[1] Docket No. 14.

7. Enough is enough. At some point the games must end. That point is long past. Mr. Banerjee has no meritorious defense to liability for Tuckerbrook's claims and seeks to delay and avoid his day of reckoning. The Court should deny Mr. Banerjee's motion and enter a default against him.

WHEREFORE, Tuckerbrook respectfully requests that the Court deny Mr. Banerjee's motion for an extension to file an answer and enter a default against him.

---

[1] He continues to claim he does not have the Complaint, even though Tuckerbrook began sending him copies of the Complaint in September of 2012.

2

Respectfully submitted,

/s/ Sean T. Carnathan
Sean T. Carnathan (BBO #636889)
Email: scarnathan@ocmlaw.net
O'Connor Carnathan & Mack LLC
Landmark One
1 Van de Graaff Drive, Suite 104
Burlington, MA 01803
Telephone: 781.359.9000
Fascimile: 781.359.9001

Dated: July 11, 2013

## CERTIFICATE OF SERVICE

I, Sean T.Carnathan, hereby certify that a true and accurate copy of the foregoing Motion has been filed and served through the Court's electronic filing system this 11th day of July, 2013 and has been served on Sumanta Banerjee by electronic mail at sbaner@gmail.com.

/s/ Sean T. Carnathan

4837-0429-4164, v. 1