EXHIBIT C

**Navigation**

# Letters Blogatory *The Blog of*

*International Judicial Assistance | By Ted Folkman of Murphy & King*

## Case of the Day: Tuckerbrook Alternative Investments v. Banerjee

By **Ted Folkman** on June 27, 2013

The case of the day is *Tuckerbrook Alternative Investments, LP v. Banerjee* (D. Mass. 2013). I considered a related case in May 2011. According to the complaint, Tuckerbrook, an investment adviser that manages hedge funds, alleges that Sumanta Banerjee, former manager of Tuckerbrook's Global Distressed Fund and Global Special Situations Fund, breached a settlement agreement in an earlier dispute by disclosing it terms with a third party, tortiously interefering with Tuckerbrook's relationships with others, disparaging Tuckerbrook, and so forth. Tuckerbrook made attempts to serve process on Banerjee. First, its lawyer sent Banerjee two emails attaching the summons and complaint. Second, he sent the documents to Banerjee by certified mail "at his residence in Connecticut." Tuckerbrook moved *ex parte* for an order deeming service to have been made, and the judge granted the motion. Banerjee then moved to vacate the judge's order and to dismiss for insufficient service of process. Importantly, Banerjee asserted that he lived in India, not Connecticut. In a very terse order, Judge O'Toole denied the motions: "The defendant's motion to vacate and dismiss is DENIED. Plaintiff has gone to great lengths to serve the defendant and provided evidence that the defendant was adequately served via electronic mail."

The judge's decision is apparently erroneous. Let's assume that Banerjee resides in India rather than Connecticut. In the earlier case, Tuckerbrook had sought to serve process on him at a particular address in India, and because nothing in the new case leads me to think otherwise, I assume that Banerjee's address in India today is the same as it was the last time around. So the Hague Service Convention applies—the exception under Article 1 for defendants whose addresses are unknown is inapplicable. Long-time readers know that I believe that when the Convention applies, service by email is always impermissible under the Convention, and doubly so when, as in the case of India, the state of destination has objected to service by postal channels under Article 10(a) (since Article 10(a)

is apparently the only method permitted by the Convention that could possibly permit service by email). So if Banerjee resides in India and his address was known to Tuckerbrook, then the service by email was invalid. And to reach this result, it's not even necessary to observe that Tuckerbrook failed to seek leave to serve process by alternative means under FRCP 4(f)(3) before sending the emails. Let's assume that Banerjee resides in Connecticut (which I have to say seems unlikely in light of the emails in the records in which Banerjee emphasizes to Tuckerbrook's lawyer that he has lived in India for several years). The service by email is obviously insufficient, since nothing in either federal procedural law or Massachusetts procedural law (or, I assume, Connecticut procedural law) permits service by email within the United States. So if Banerjee resides in Connecticut, then the validity of the service turns only on the certified mail. Under FRCP 4(e)(1), service by certified mail would be proper if permitted under either Massachusetts or Connecticut law. Massachusetts law provides for service outside of the Commonwealth "by any form of mail addressed to the person to be served and requiring a signed receipt." Under Chapter 223A, § 6(b) of the General Laws, when service is made by mail, "proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court." Tuckerbrook didn't produce a signed receipt or other evidence of actual receipt, and so it seems to me that the service was insufficient under Massachusetts law. What about Connecticut law? Here I disclaim any special knowledge, but it appears to me after a very quick search that under § 52-59b of the Connecticut statutes, service by certified mail on a nonresident also requires service on the Connecticut Secretary of State (which apparently didn't happen here), and I don't see a statute authorizing service of process on a resident by mail.

So assuming that if Banerjee resided in India his address was known to Tuckerbrook, and assuming that I haven't made a gross mistake of Connecticut law in case Banerjee, contrary to appearances, resided in Connecticut, the service seems clearly improper and the judge's order erroneous. The next question—what to do about it—poses difficult strategic questions for Banerjee.

Email, Hague Service Convention, India, service by mail

Case of the Day: Roque v. Fuji Heavy Industries, Ltd.

The Recast of the Brussels I Regulation: Old and New Features of the European Regime on Jurisdiction and the Recognition of Judgments

**No comments yet.**