EXHIBIT 3

DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
www.debevoise.com

Steven Klugman
Partner
Tel 212 909 6649
Fax 212 909 6836
sklugman@debevoise.com

July 9, 2008

BY FACSIMILE; ORIGINAL BY FEDERAL EXPRESS

Tuckerbrook ı SB Global Distressed GP LLC
30 Doaks Lane
Marblehead, Massachusetts 01945
  Attn: John Hassett and Sumanta Banerjee

Tuckerbrook ı SB Global Distressed GP LLC
195 Field Point Road
Greenwich, Connecticut 06830
  Attn: John Hassett and Sumanta Banerjee

**Tuckerbrook ı SB Global Distressed Fund I, L.P.**

Dear Sirs:

We represent NCR Corporation ("NCR"), Alkek & Williams Ltd. and Albert and Margaret Alkek Foundation (collectively, "Alkek"), and The Endowment Master Fund, L.P. ("EMF"). NCR, Alkek and EMF are among the Limited Partners in Tuckerbrook ı SB Global Distressed Fund I, L.P (the "Fund"), and over the last few months have been members of a steering committee for a larger group of Limited Partners in the Fund. (All terms not defined herein shall have the meanings assigned to them in the Fund's offering documents, including its confidential placement memorandum and the Third Amended and Restated Agreement of Limited Partnership of Tuckerbrook ı SB Global Distressed Fund I, L.P (the "Agreement").)

On behalf of NCR, Alkek and EMF, we hereby give notice, in accordance with Section 15.01 of the Agreement, to the General Partner of the Fund as follows: Limited Partners of the Fund holding more than 75% of the Percentage Interests of the Fund have voted, pursuant to Section 7.03 of the Agreement, to remove Tuckerbrook ı SB Global Distressed GP LLC as General Partner of the Fund, effective immediately, and have consented to such removal by vote of the Limited Partners. Copies of the documents memorializing the votes by Limited Partners

Tuckerbrook 1 SB Global Distressed GP LLC     -2-     July 9, 2008

holding a total of $85 million in Capital Commitments to remove Tuckerbrook 1 SB Global Distressed GP LLC as General Partner of the Fund, and consenting to such removal by vote of the Limited Partners, are attached.

Very truly yours,

Steven Klugman

Attachments

cc (all with attachments):

Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
   Attention: Jason D. Frank, Esq.

Sadis & Goldberg LLP
551 Fifth Avenue, 21st Floor
New York, New York 10176
   Attention: Douglas R. Hirsch, Esq.

Michael J. Liccar & Co.
Certified Public Accountants
200 West Adams Street, Suite 2211
Chicago, Illinois 60606
   Attention: Michael J. Liccar

Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
   Attention: Stephanie Breslow, Esq.

22772497v1

# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
www.debevoise.com

Steven Klugman
Partner
Tel  212 909 6649
Fax 212 909 6836
sklugman@debevoise.com

August 1, 2008

BY FACSIMILE; ORIGINAL BY FEDERAL EXPRESS

Tuckerbrook Alternative Investments, L.P.
America's Cup Building
30 Doaks Lane
Marblehead, Massachusetts 01945
    Attention: John J. Hassett

## Tuckerbrook ׀ SB Global Distressed Fund I, L.P.

Dear Sir:

    We represent Distressed GP, LLC, (the "LLC"), which is the general partner of Tuckerbrook ׀ SB Global Distressed Fund I, L.P (the "Fund"). (Capitalized terms that are not defined in this letter have the meanings assigned to them in the Fund's offering documents, including its confidential placement memorandum and the Third Amended and Restated Agreement of Limited Partnership of Tuckerbrook ׀ SB Global Distressed Fund I, L.P (the "Agreement.")

    The LLC understands that, while the former general partner of the Fund never entered into a written investment management agreement with Tuckerbrook Alternative Investments, L.P. ("Tuckerbrook"), Tuckerbrook has provided investment management services to the Fund, for which Tuckerbrook received payment, and further understands that Tuckerbrook may take the position that the relationship between it and the Fund imposes ongoing obligations on the Fund. In accordance with the powers granted to the LLC as the general partner of the Fund, including but not limited to its power to terminate agreements on behalf of the Fund pursuant to section 5.01(e) of the Agreement, we hereby advise you that the LLC is terminating, on behalf of the Fund, whatever relationship may exist between the Fund and Tuckerbrook.

    This termination notice should not be deemed to affirm or acknowledge that Tuckerbrook entered into any investment management agreement that is binding on the Fund or on the former general partner of the Fund or that constitutes a valid and enforceable agreement, or to ratify any such investment management agreement or any term thereof. This termination notice is without prejudice to the contention by or position of any person or entity, including but not limited to the LLC, that any such investment management agreement was not validly entered into or is not valid and enforceable.

Tuckerbrook Alternative Investments, L.P.     -2-     August 1, 2008

      On behalf of the LLC, we hereby direct Tuckerbrook to cease and desist from exercising whatever authority Tuckerbrook believed it had under any investment management agreement, including the authority to execute changes to the Fund's portfolio of investments.

                        Very truly yours,

                        Steven Klugman

cc (all by email):

    Bingham McCutchen LLP
    150 Federal Street
    Boston, MA 02110
       Attention: Jason D. Frank, Esq.

    Sadis & Goldberg LLP
    551 Fifth Avenue, 21st Floor
    New York, New York 10176
       Attention: Douglas R. Hirsch, Esq.

    Michael J. Liccar & Co.
    Certified Public Accountants
    200 West Adams Street, Suite 2211
    Chicago, Illinois 60606
       Attention: Michael J. Liccar

    Schulte Roth & Zabel LLP
    919 Third Avenue
    New York, New York 10022
       Attention: Stephanie Breslow, Esq.

    Citizens Bank
    53 State Street, 8th Floor
    Boston, MA 02109
       Attention: Cynthia Terwilliger, Senior Vice President

# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
www.debevoise.com

**Steven Klugman**
Partner
Tel 212 909 6649
Fax 212 909 6836
sklugman@debevoise.com

August 12, 2008

<u>BY FACSIMILE; ORIGINAL BY FEDERAL EXPRESS</u>

Tuckerbrook ı SB Global Distressed GP LLC
30 Doaks Lane
Marblehead, Massachusetts 01945
  Attn: John J. Hassett and Sumanta Banerjee

Tuckerbrook ı SB Global Distressed GP LLC
195 Field Point Road
Greenwich, Connecticut 068360
  Attn: John J. Hassett and Sumanta Banerjee

Tuckerbrook Alternative Investments, L.P.
America's Cup Building
30 Doaks Lane
Marblehead, Massachusetts 01945
  Attn: John J. Hassett

### Tuckerbrook ı SB Global Distressed GP LLC

Dear Sirs:

    On behalf of Distressed GP, LLC (the "General Partner"), I am writing to set forth the General Partner's position with respect to the future management and administration of Tuckerbrook ı SB Global Distressed Fund I, L.P. (the "Fund"), and to respond briefly to Mr. Frank's letter to me dated August 4, 2008.

    *First*, as we advised you by a notice dated July 9, 2008, limited partners of the Fund holding more than 75% of the percentage interests in the Fund voted and consented to remove Tuckerbrook ı SB Global Distressed GP LLC (the "Old GP") as the general partner of the Fund. With that notice, we provided copies of the ballots evidencing the limited partners' votes and consents. No one, including the Old GP and Tuckerbrook Alternative Investments, L.P. ("Tuckerbrook"), contested or questioned the effectiveness under the Third Amended and Restated Agreement of Limited Partnership for the Fund, dated as of October 23, 2007 (the "LPA") of the limited partners voting and consenting by written ballots to remove the Old GP.

Through the same procedure of written votes and consents, limited partners holding more than 50% of the percentage interests in the Fund elected the General Partner as the new general partner. They did so after obtaining an opinion from the Fund's counsel, Schulte, Roth & Zabel, given pursuant to Section 12.02 of the LPA (with the consent of Tuckerbrook), about the legal consequences of admitting the General Partner.

Mr. Frank's letter asserts that the limited partners "may only take action at a meeting of Limited Partners called after notification provided by the General Partner." That position is directly contrary to Section 12.01 of the LPA, which provides as follows:

> *Any Consent required by this Agreement may be given by written consent of the consenting Partner that is unrevoked prior to the doing of the act or thing for which the consent is solicited,* or by the affirmative vote of the consenting Partner to the doing of the act or thing for which the Consent is solicited at any meeting called and held pursuant to Section 12.03 to consider the doing of such act or thing.

(emphasis supplied).

The requisite limited partners gave their written consents to the removal of the Old GP and to the election of the General Partner as the general partner of the Fund. The Old GP has no legal authority to act on behalf of the Fund.

*Second,* the General Partner has terminated whatever relationship the Fund had with Tuckerbrook. It appears from Mr. Frank's letter that Tuckerbrook concedes that no written investment management agreement was validly entered into by the Old GP and Tuckerbrook. That is consistent with the General Partner's understanding that Tuckerbrook prepared a written investment agreement, but that one of the two 50% managing members of the Old GP was unwilling to sign that investment management agreement, leaving Tuckerbrook the sole signatory on behalf of the Old GP. Under Delaware law, one 50% managing member of a limited liability company has no authority to enter into a contract on behalf of that limited liability company.

Thus, the relationship that the Fund had with Tuckerbrook from the inception of the Fund until August 1, 2008 was not the subject of a written contract. While there necessarily was some arrangement between the Fund and Tuckerbrook, inasmuch as Tuckerbrook has provided services to the Fund and has taken hundreds of thousands of dollars in fees from the Fund, that relationship has gone forward with no agreed-upon terms relating to the duration or termination of the relationship. Accordingly, whatever agreement may exist between the Fund and Tuckerbrook was terminable at will by either party. The General Partner terminated that relationship by the notice dated August 1, 2008. It did so pursuant to its authority under Delaware law, including the authority expressly granted to it under the LPA, to act on behalf of the Fund.

    Contrary to Mr. Frank's letter, the LPA does not confer on Tuckerbrook a perpetual right to serve as the investment manager of the Fund. Mr. Frank relies on Section 5.01 of the LPA, and argues that it is enforceable by Tuckerbrook as a matter of third-party beneficiary law. The terms of the LPA define the rights and obligations of the partners *inter se*. It does not confer third-party beneficiary rights on non-parties. Accordingly, a provision in the LPA that obligates a general partner to act operates for the benefit of, and is enforceable by, the partners in the Fund, not by a non-partner such as Tuckerbrook.

    Even if Tuckerbrook could be considered a third-party beneficiary under Section 5.01 of the LPA, its only enforceable right would have been to have the Old GP enter into an agreement with it "whereby Tuckerbrook will assume responsibility with respect to certain management functions on behalf of the [Fund] in return for the Management Fee." Any third-party beneficiary right either was satisfied when the Old GP and Tuckerbrook proceeded with an oral agreement that included the terms referred to Section 5.01, or was waived by Tuckerbrook when it elected to proceed, providing services and receiving management fees, without having entered into an investment management agreement with the Fund. In either case, nothing in any oral agreement between the Fund and Tuckerbrook, or in the LPA, limits the General Partner's right to terminate the Fund's arrangement with Tuckerbrook. Tuckerbrook has no contractual rights or protections other than those that might be deemed to arise from the arrangement it has had with the Fund since its inception: to receive fees for as long as it is providing services in accordance with the parties' mutual agreement that it continue to do so.

    Mr. Frank's letter also argues that the General Partner has no legal authority to terminate the Fund's relationship with Tuckerbrook. The argument appears to be that while the Old GP had the authority to terminate that relationship under Section 5.01(e) of the LPA because it was an affiliate of Tuckerbrook, the General Partner has no such authority. Whether the General Partner succeeded to the Old GP's rights under Section 5.01(e), as we believe it did, is of no great import. The General Partner terminated this relationship pursuant to its broad authority and obligation, under Delaware law and under the LPA, to act in the best interests of the Fund, including its authority under Section 5.01 "to do on behalf of the [Fund] all things which, in its sole judgment, are necessary or appropriate to manage the [Fund's] affairs and fulfill the purposes of the [Fund]."

    Limited partners holding a substantial majority of the percentage interests in the Fund have made it clear that, as a result of the conduct of Tuckerbrook and the Old GP over the past five months, they have no desire for the Fund to continue to have any relationship with Tuckerbrook. The General Partner is acting in accordance with the will of those limited partners.

    Having been removed as the general partner on July 9, 2008, the Old GP no longer has the authority granted to it under the LPA to maintain any records or other property of the Fund. Having had its relationship with the Fund terminated on August 1,

-4-                                                                 August 12, 2008

2008, Tuckerbrook no longer has any authority to act on behalf of the Fund. Moreover, Tuckerbrook is obligated, at a minimum, to return to the Fund the management fees it withdrew in advance for the third quarter of 2008. As we discussed with Mr. Frank last week, we believe the Form N-2 registration statement for HT Capital Corporation that was filed on July 31, 2008 contains false and misleading disclosures about Tuckerbrook's business, in that Tuckerbrook does not have under management the assets related to the Fund, and there is no disclosure that Tuckerbrook's relationship with the Fund has been terminated or that the Old GP, an affiliate of Tuckerbrook, was removed as the general partner of the Fund by a vote of limited partners.

*Third*, the General Partner believes that, in order to discharge its obligations under Delaware law and under Article V of the LPA, and to protect the interests of the limited partners of the Fund, the General Partner must take immediate steps to provide for the effective administration and management of the Fund in accordance with the expressed views of limited partners.

Accordingly, the General Partner directs the Old GP and Tuckerbrook to deliver all the books and records of the Fund to the General Partner at 1100 Louisiana, Suite 5250, Houston, Texas 77002. Those books and records shall include, but not be limited to, all of the items described on the attached Schedule of Documents. Those documents are the property of the Fund, and they must be provided to the General Partner without delay. The General Partner expects that all electronic documents will be received on or before August 14, 2008, with all remaining books and records to be delivered on or before August 18, 2008. The General Partner will view the failure of the Old GP and Tuckerbrook to provide the documents to it by these deadlines as a refusal to recognize their legal obligations to the Fund.

If you have any questions, please feel free to call Scott Seaman of Alkek & Williams Ltd./Albert and Margaret Alkek Foundation, a member of the General Partner, at (713) 652-6601 or me at (212) 909-6649.

Very truly yours,

Steven Klugman

cc:   Bingham McCutchen LLP
      150 Federal Street
      Boston, MA 02110
         Attention: Jason D. Frank, Esq.

22795500v1