EXHIBIT 5



Dated: September 8, 2010

The Officer In Charge
Ballygunje Police Station
Kolkata 700 019



Dear Sir

I am Shri Sumanta Banerjee, presently residing at Saptaparni Apartments, 58/1 Ballygunje Circular Road Kolkata 700019. I live with my wife and our three young children. I would like to lodge the following complaint against the following named persons.

    1. Mr. John J. Hassett Managing Principal of Tuckerbrook Alternative Investment Company (TAIC),
    2. Mr. Jeff Landle, Board Director of TAIC and Chief Investment Officer of the Hardt Group,

    both nos.1 and 2 having place of business at America's Cup Building, 30 Doaks Lane, Marblehead, Massachusetts 01945, United States of America; The **Hardt Group Advisors Inc**'s place of business is 99 Park Avenue Suite 1550 New York, New York 10016 USA (212) 523-0211

    3. Mr. R. Bharti;
    4. Mr. C.M. Jatua (ex IPS);
    5. Mr. A.R. Talukdar;
    6. Mr. Vikash Mitra;
    All working for gain at Always Investigating and Security Concern.

In order to appreciate my predicament it is necessary to cite a brief history of the dispute between the accused nos. 1 and 2 and myself. My wife and I are both US citizens and we also possess OCI cards.

I was the Managing Director and the Portfolio Manager for two distressed private equity funds in the USA. In order to start my own private equity fund I needed a partner to shoulder the start up costs. I was introduced to Jay Yoder of Tuckerbrook Alternative Investment Company (TAIC is short). After months of negotiation they entered into an agreement to create three funds, each in the form of *(a) Delaware Limited partnership being Tuckerbrook I SB Global Special Situations Fund, L.P. ("GSS"), (b) Tuckerbrook I SB Global Special Situations Fund, L.P. ("GDF") and (c) TAI-SB Sun Capital Side Fund, L.P. ("Side Fund")* (collectively the "Funds"). The SB initials are mine and were included in the names of each fund to designate 50-50 nature of the ownership. Shortly thereafter the accused no. 1 had replaced Mr. Jay Yoder as the CIO of TAIC.

I was a portfolio manager of TAIC and was the 50% partner of the GP. It is to be noted that that GP never hired TAIC as its Investment Manager and that the contacts that were used pre existed my relationship with TAIC and it accounted for over 85% of the Capital invested in the Funds. I had made offers to purchase TAIC's 50% membership interest in GP Entities of the Funds. These led to disputes and differences arising between the accused no. 1, myself and TAIC and subsequently, case no 1:08-cv-10636-PBS was started in the USA.

In September 2008 a settlement was arrived at between the parties. The Settlement Agreement had a confidentiality provision that no terms are to be divulged (other than a certain provision pre-approved by both parties). However in complete disregard to the settlement terms, during May of 2009, the accused no. 1 divulged the terms of the settlement during a taped conversation. The accused no. 1 was aware of the fact that the conversation was being taped and proceeded to divulge a clause that was confidential (which was not agreed upon to be released). The Settlement Agreement also contains non-disparagement and non-defamatory clauses.

Earlier this year, my doctor in Kolkata, Dr. P. Biswas received harassing phone calls from TAIC's agents and during those phone calls, the callers made disparaging and defamatory remarks about me and my business reputation. This agent, namely Always Security, was hired by TAIC to harass me and my family, and to make disparaging remarks about me in India.

SB

2 of 4

Soon thereafter I had realized that some people not known to me were following my wife and my family. My wife had also seen them near our house loitering unnecessarily. In addition my wife was also receiving threatening calls. My wife would notice them in shops and offices that she visited. When I enquired from the security guard of Saptaparni Apartments about them, he informed me that they were collecting information regarding me. I was very concerned as I travel quite frequently and my family is in Kolkata. So I immediately informed my mother about these incidents and she lodged a general diary at your Police Station against those unknown persons which was recorded as Ballygunje P.S. G.D.E No. 335 dated 04.02.2010.

Consequently those persons were brought to the police station for conducting enquiry. The police officer interrogated them at length and they finally admitted they were employed by Always, a security company which was in turn hired by a firm based in the United States. During the course of the interrogation, the two men contacted their supervisor, Mr. A. R. Talukdar, a retired deputy superintendent of police, who had them released from police station. They also made several comments that were derogatory, disparaging and defamatory. The police officer told us that Mr. Talukdar was a former IPS officer and the other owners- "advisors" of Always were also former police officers and therefore they were very influential. The police officer also informed us that Mr. Talukdar made several disparaging and defamatory statements about my husband's reputation.

Aggrieved by the actions of TAIC and Always, I filed a suit for defamation in the United States District Court, District of Massachusetts, USA. I have claimed damages of US$ 2 million in the said suit which is now pending.

For sometime thereafter the stalking has ceased. However recently the same persons (employees of Always, who were brought for interrogation in connection with the GSE No. 335 dated 04.02.2010) are shadowing me and my wife and my children. My wife confronted them directly about it. They refused to divulge their names. One of them bluntly told her that "Madam, I know that you have understood that we are keeping a close vigil on you for a couple of months as we are from an investigating agency and are legally hired by TAIC to keep a close vigil on you and your family".

They categorically forbade me and my wife from any legal action against TAIC before the District Court at Massachusetts, USA failing which they said they "can do anything". They have also threatened me that unless and until I pay a sum of $ 248,276.26 they will keep harassing me and my family and sooner or later they will fabricate a public smear campaign involving me to compel us to pay more money.

The persons have told me that the accused nos. 3 to 6 are all former police officers and they are very dangerous people. They have been boasting of their connections and power. They told me that they have direct orders from "Jatua, Hossain and Talukdar Sir" to carry out their threats if necessary and they will see to it that no police action is taken against them. They drew reference to the incident of 04.02.2010 when despite police intervention, "Talukdar Sir" used his influence and got the detained persons released and as a consequence no case was started. These people are openly intimidating me and my wife and telling my wife that they know very well at which time my children go to school and when they return. This is a threat that they will harm my children. I am very concerned for the safety of my family because of their threats. They are not only demanding that I withdraw the lawsuit filed against the accused no. 1 but they are also demanding US$ 248,276.26 failing which they will bring harm to my children.

Under the above circumstances I request you to kindly take appropriate steps against all the accused persons and provide my children and my family some protection so that we are not terrorized by these people.

Yours sincerely,

*Sumanta Ban*

Sumanta Banerjee