EXHIBIT 7



## SUPPLEMENTAL SETTLEMENT AGREEMENT

This **SUPPLEMENTAL SETTLEMENT AGREEMENT** ("Agreement") is made and entered into by and between Sumanta Banerjee ("Banerjee") and Tuckerbrook Alternative Investments, LP ("Tuckerbrook"), for themselves and on behalf of all of their respective predecessors and successors, servants, employees, officers, directors, parents, subsidiaries, general, joint venture and limited partners, shareholders, investors, affiliates, divisions and entities, heirs, trusts, beneficiaries, agents, representatives, spouses, attorneys, assigns, and anyone else claiming by or through any of them or on their behalf. The foregoing are referred to herein collectively as "the Parties."

**WHEREAS,** Tuckerbrook filed an action entitled *Tuckerbrook Alternative Investments, LP v. Sumanta Banerjee* in the United States District Court for the District of Massachusetts, Civil Action No. 09-CV-11672-WGY (the "Prior Litigation");

**WHEREAS,** the Parties previously entered into a settlement agreement dated effective on or about June 29, 2011 ("Settlement"), which was later declared null and void by Arbitrator Margaret Hinkle;

**WHEREAS,** Tuckerbrook has commenced a new action against Banerjee in the United States District Court for the District of Massachusetts, Civil Action No. 12-cv-11643-GAO ("the Current Litigation");

**WHEREAS,** Tuckerbrook retains a lien on Banerjee's home in the State of Connecticut;

**WHEREAS**, the Parties nevertheless want to settle this dispute and end the Litigation through the terms and conditions of this Supplemental Settlement Agreement;

**WHEREAS,** this Agreement supplements the prior Settlement of the Litigation, and nothing contained herein shall be construed as an admission by Banerjee of any liability or any wrongdoing of any kind toward Tuckerbrook or vice versa; and

**WHEREAS,** the Parties have agreed that it is in their mutual interest to resolve **NOW AND FINALLY, THE LITIGATION** on the terms and conditions more fully set forth herein;

**NOW THEREFORE,** in consideration of the mutual promises and covenants herein set forth, which consideration is acknowledged by the Parties to be good and sufficient, the Parties hereto covenant and agree as follows:

1. **Documents**

Banerjee agrees and consents to the use by Tuckerbrook in the pending litigation between Tuckerbrook Alternative Investments, LP, Tuckerbrook/SB Global Special Situations GP, LLC, and Tuckerbrook/SB Global Special Situations Fund, LP (collectively, "Tuckerbrook") on the one hand and Alkek and Williams, LTD., the Albert and Margaret Alkek Foundation, and Scott B. Seaman on the other, whether in the currently pending dispute in Connecticut Superior Court or in any other forum;

## 2. Waiver of Attorney-Client Privilege

Banerjee, by the execution of this Supplement Settlement Agreement, does irrevocably waive his right to assert the attorney-client privilege regarding his communications with his attorneys at Sadis & Goldberg, Conn Kavanaugh, or any other attorneys he consulted in connection with GDF, GSS, Alkek, NCR, the "Steering Committee, DGP or litigation involving Tuckerbrook, and further waives any right to assert any joint defense or common interest privilege or any other privilege whatsoever with regard to communications with attorneys acting for any of the Alkek parties, the so-called "Steering Committee" formed by the limited partners in the Tuckerbrook/SB Global Distressed Fund ("GDF"), NCR, or any of the limited partners in GDF or the Tuckerbrook/SB Global Special Situations Fund ("GSS"). Banerjee shall provide such other correspondence or written confirmation of his waiver of the attorney-client privilege as required by such attorneys to testify in the litigation.

### 3. Document Production

Banerjee will deliver to Tuckerbrook any and all email or other communications between himself, or any person related to him, and attorneys from Sadis and Goldberg, Debevois & Plimpton, Beck Redden, and Cummings and Lockwood (the "Communications").

### 4. Resolution of Dispute

Upon execution of this Agreement by the Parties and delivery by Banerjee of the Communications, Tuckerbrook shall be deemed to have waived the declaration by Arbitrator Hinkle that the prior Settlement is null and void. The

releases set forth in that Settlement shall then be deemed fully effective and Tuckerbrook shall promptly release the lien on Banerjee's home in Connecticut. To the extent Tuckerbrook produces or otherwise uses the documents in the Alkek litigation, it shall designate them as "confidential" in accordance with the confidentiality stipulation in that proceeding.

4. **Entirety**

This Agreement and the prior Settlement together constitute the entire agreement between the Parties with respect to the subject matter hereof, as amended by this agreement. Other than as stated herein, the Parties represent and warrant that no representation, promise, or other inducement has been offered or made to induce any party to enter into this Agreement, and that they are competent to enter into this Agreement. Except as otherwise stated in this Agreement, this Agreement supersedes and replaces all negotiations, agreements, and understandings between the Parties, whether written or oral. This Agreement may not be waived, repealed, altered or amended in whole or in part except by an instrument in writing executed by authorized representatives of each and every party hereto.

5. **Beneficiaries**

This Agreement is for the benefit of both Tuckerbrook and Banerjee. The provisions of this Agreement shall extend to and inure to the benefit of and be binding upon the Parties and their respective agents, affiliates, successors, representatives and legally permissible assigns, just as if they had executed this Agreement. The Parties intend no other beneficiaries to this Agreement.

THE UNDERSIGNED HAVED CAREFULLY READ AND UNDERSTAND THE CONTENTS OF THIS SUPPLEMENTAL SETTLEMENT AGREEMENT, AND SIGN THE SAME AS THEIR OWN FREE ACT AS OF THE LATEST DATE SET FORTH BELOW.

**IN WITNESS WHEREOF, Tuckerbrook Alternative Investments LP** has caused its signature and seal to be affixed hereto this __ day of January 2013.

**TUCKERBROOK ALTERNATIVE INVESTMENTS LP**

BY: _____

TITLE: _____

_____
Witness

Seal:

**IN WITNESS WHEREOF, Sumanta Banerjee** has caused his signature and seal to be affixed hereto this __ day of January 2013.

_____
Sumanta Banerjee

_____
Witness

4843-8204-6738, v. 1