UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TUCKERBROOK ALTERNATIVE INVESTMENTS, LP,<br><br>Plaintiff,<br><br>v.<br><br>SUMANTA BANERJEE,<br><br>Defendant. | CASE NO. 12-CV-11643-GAO |

## TUCKERBROOK'S MOTION TO DISMISS COUNTERCLAIMS WITH INCORPORATED MEMORANDUM IN SUPPORT

Plaintiff and Tuckerbrook Alternative Investments, LP, ("Tuckerbrook") moves this Court to dismiss Defendant Sumanta Banerjee's ("Mr. Banerjee") counterclaims pursuant to Fed. R. Civ. P. 8(a)(2) for proffering insufficient pleadings and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Mr. Banerjee's counterclaims against Tuckerbrook also fail as a matter of law because he has failed to allege any facts to support his conclusory allegations.

## FACTS AND ALLEGATIONS

Mr. Banerjee was formerly a portfolio manager for two of Tuckerbrook's proprietary hedge funds (the "Funds"). Banerjee, however, violated the non-competition, intellectual property, and confidentiality clauses of his employment agreement by, among other things:

- trying to steal the Funds and new funds Tuckerbrook was developing;
- divulging confidential information and work product of Tuckerbrook to its competitors and potential employers;
- retaining Tuckerbrook's confidential information after his separation from

Tuckerbrook;

- claiming as his own Tuckerbrook's legal, analytical, performance and marketing materials;

- disparaging Tuckerbrook during and following his employ; and

- encouraging and enabling other Tuckerbrook employees to leave their employ and steal Tuckerbrook's intellectual property.

Accordingly, Tuckerbrook sued Banerjee in this Court in an action titled, <u>Tuckerbrook Alternative Investments L.P. v. Sumanta Banerjee</u>, C.A. No. 08-10636-PBS ("<u>Tuckerbrook v. Banerjee I</u>"). On September 23, 2008, the parties entered into a settlement agreement ending the lawsuit ("2008 Settlement").

The material terms of the settlement were read into the record under seal at mediation before Magistrate Judge Timothy S. Hillman in <u>Tuckerbrook v. Banerjee I</u>. The terms of the agreement were confidential, but generally provided, among other things, that Banerjee would not compete with Tuckerbrook in any way or interfere with Tuckerbrook for a year after the date of the settlement. The parties also executed a written settlement agreement on November 7, 2008, which identified the effective date of settlement as September 23, 2008.

In the course of discovery in a separate proceeding filed after the settlement, <u>Alkek & Williams Ltd. et al v. Tuckerbrook Alternative Investments L.P. et al.</u>, Case No. 4:08-CV-3501, pending in the United States District Court for the Southern District of Texas (the "Alkek Lawsuit"), Tuckerbrook learned of overwhelming evidence of Banerjee's blatant breaches of the 2008 Settlement Agreement by, <u>inter alia</u>, sharing the terms of the confidential agreement with the plaintiff in the Alkek Lawsuit, interfering with Tuckerbrook's business relationships, claiming Tuckerbrook's work product as his own, and disparaging Tuckerbrook and its business. As a result, Tuckerbrook brought a breach of contract action against Mr. Banerjee on October 6,

2009, in the United States District Court for the District of Massachusetts, <u>Tuckerbrook Alternative Investments L.P. v. Sumanta Banerjee</u>, C.A. No. 09-CV-11672-WGY ("<u>Tuckerbrook v. Banerjee II</u>"). As this Court may recall from the filings in that proceeding, Tuckerbrook was forced to undertake substantial efforts to locate and serve Mr. Banerjee as he played games avoiding service.

On or about June 29, 2011, Tuckerbrook and Banerjee reached a settlement of <u>Tuckerbrook v. Banerjee II</u> litigation ("2011 Settlement Agreement"). The 2011 Settlement Agreement was expressly contingent upon Mr. Banerjee appearing for his deposition and providing truthful testimony in response to Tuckerbrook's inquiry. Mr. Banerjee appeared at his deposition understanding perfectly well that he was obligated to testify truthfully in order to consummate the settlement. The very core of the settlement was that Mr. Banerjee would testify with the safety of a full release from Tuckerbrook so long as he was honest. But even with the safety of a release in hand, he could not bring himself to tell the truth. Instead, he hedged, dissembled, feigned lack of memory **and outright lied** about the key events of the dispute.

Pursuant to the terms of the 2011 Settlement Agreement, on September 29, 2011, Tuckerbrook filed a timely Demand for Arbitration, alleging that Mr. Banerjee's deposition testimony was untruthful. The Honorable Margaret R. Hinkle (retired) was selected as the arbitrator through the Boston office of JAMS. The Parties submitted written submissions in accordance with the 2011 Settlement Agreement.

On or about May 9, 2012, Judge Hinkle issued a written Final Award, finding unequivocally that the settlement of <u>Tuckerbrook v. Banerjee I</u> was effective September 23, 2008, and **that Mr. Banerjee was not truthful** when he testified that he believed that date of

settlement was something other than September 23, 2008.[1] As a result of Mr. Banerjee's untruthful testimony, Judge Hinkle declared the 2011 Settlement Agreement in <u>Tuckerbrook v. Banerjee II</u> null and void.

As a result of Mr. Banerjee's untruthful testimony and Judge Hinkle's order nullifying the settlement, Tuckerbrook filed a motion to reopen <u>Tuckerbrook v. Banerjee II</u>, Docket No. 51. During a hearing on June 27, 2012, this Court entered an Order closing <u>Tuckerbrook v. Banerjee II</u> and directing Tuckerbrook to file a new action, which it did on or about September 4, 2012 in the United States District Court for the District of Massachusetts, <u>Tuckerbrook Alternative Investments L.P. v. Sumanta Banerjee,</u> C.A. No. 1:12-CV-11643-GAO ("<u>Tuckerbrook v. Banerjee III</u>"), alleging among other things, breach of the <u>Tuckerbrook v. Banerjee II</u> 2008 Settlement Agreement.

In his counterclaims against Tuckerbrook, Mr. Banerjee seemingly alleges that Tuckerbrook is liable for abuse of process (count II) for initiating this action and for filing the <u>Tuckerbrook v. Banerjee II</u> case in 2009. This claim is completely devoid of merit as Tuckerbrook has filed both actions in good faith based on uncontroverted evidence that Mr. Banerjee breached the 2008 Settlement Agreement.

Mr. Banerjee further asserts a claim of defamation (count III) against Tuckerbrook based on purported statements made by Tuckerbrook, its agents in India and Tuckerbrook's counsel. The Defamation claims must fail because statements made by counsel and /or private investigators acting in connection with pending litigation are privileged. Moreover, the

---

[1] Banerjee notably fails to attach to his counterclaims a copy of Judge Hinkle's Arbitration Award upon which he bases Count I (breach of contract) in his counterclaims. Because the Arbitration Award is at the core of Mr. Banerjee's breach of contract claim, this Court is entitled to consider the Arbitration Award on this Motion to Dismiss. <u>Waterson v. Page</u>, 987 F.2d 1, 3 (1993). Attached to the accompanying transmittal affidavit of Sean T. Carnathan as Exhibit A is a true copy of Judge Hinkle's Arbitration Award.

counterclaims fail to identify a single defamatory statement or the identity of the purported agents of Tuckerbrook.

Tuckerbrook's claim for breach of contract (count I) should also be dismissed because Tuckerbrook is warranted in withholding the $12,500 as a Set-Off to the damages alleged in its breach of contract claim. Finally, Tuckerbrook's counterclaim for violation of M.G.L. c. 93A (Count IV) should be dismissed because Mr. Banerjee fails to allege facts which satisfy the elements of Counts I-III and the conclusory allegations fail to state a claim for breach of M.G.L. c. 93A.

## **STANDARD OF REVIEW**

On a motion to dismiss, the Court takes the allegations of the complaint/counterclaim as true, but a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere "labels and conclusions." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Broad, sweeping legal conclusions couched as factual allegations are not given the presumption of truthfulness. Id.; see Schaer v. Brandeis Univ., 432 Mass. 474, 477-478 (2000). A complaint's factual allegations must sufficiently "raise a right to relief above the speculative level." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008) (following Bell Atlantic). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" In re Evergreen Ultra Short Opportunities Fund Sec. Litig., 705 F. Supp. 2d 86, 90 (D. Mass. 2010), quoting Bell Atlantic Corp., 127 S. Ct. at 1965-1966. Legal conclusions, however, are not accepted as true. Id. at 91, citing Ashcroft, 129 S. Ct. at 1949. Thus, "[t]hreadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action. . . Accordingly, a complaint does not state a claim for relief where the well-pled

5

facts fail to warrant an inference of any more than the mere possibility of misconduct." Id., citing Iqbal, 129 S. Ct. at 1949-50. The purpose of rule 12(b)(6) is to "permit prompt resolution of a case where the allegations in the complaint clearly demonstrate that the plaintiff's claim is legally insufficient." Harvard Crimson, Inc. v. President & Fellows of Harvard College, 445 Mass. 745, 748 (2006).

Mr. Banerjee's hollow complaint against Tuckerbrook is replete with baseless legal conclusions but devoid of any facially plausible factual allegations to support his broad sweeping allegations of wrongdoing and, therefore, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8(a)(2).

## ARGUMENT

Mr. Banerjee articulates no actionable claims in his purported counterclaims. Mr. Banerjee's vague, facially implausible allegations of abuse of process, and defamation and disparagement by Counsel for Tuckerbrook and the process servers hired to find and serve Mr. Banerjee India cannot meet the Bell Atlantic pleading standards. Statements by the process servers in India and Counsel for Tuckerbrook are privileged. Moreover, Mr. Banerjee's claims for breach of contract and M.G.L. c. 93A are equally facially implausible and fail to state a claim upon which relief can be granted.

### I. Mr. Banerjee's Claims for Abuse of Process Are Vague, Conclusory and Insufficient to State an Actionable Claim and Fail as a Matter of Law.

Under Massachusetts law, "[t]he essential elements for abuse of process are '(1) 'process' was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage.'" Piccone v. McClain, 720 F.Supp.2d 139, 146-147 (D. Mass. 2010)(Dismissing abuse of process claim where a cognizable ulterior motive was not sufficiently alleged), quoting Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775-776 (1986); see also, Jones v. Brockton Pub. Mkts., Inc., 369 Mass. 387, 388-389

(1975). To prevail on an abuse of process claim "it must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed." Beecy v. Pucciarelli, 387 Mass. 588, 595 (1982), quoting Quaranto v. Silverman, 345 Mass. 423, 426 (1963). Mr. Banerjee's counterclaim for abuse-of-process must be dismissed because even if the factual allegations in the Counterclaims are taken as true, they do not come close to satisfying the required elements of this claim.

It is well established under Massachusetts law that "process" has a precise meaning, and that meaning does not include any of the actions that Mr. Banerjee attributes to Tuckerbrook. "In the context of abuse of process, 'process' refers to the papers issued by a court to bring a party or property within its jurisdiction." MHA Fin. Corp. v. Varenko Investments Ltd., 583 F. Supp. 2d 173, 178 (D. Mass. 2008), citing Jones, 369 Mass. at 390. See also, Cignetti v. Healy, 967 F. Supp. 10, 18 (D. Mass. 1997) ("Massachusetts cases of abuse of process have been limited to three procedures: writs of attachment, process used to institute a civil action, and process related to the bringing of criminal charges.").

In the counterclaims in this case, the allegations of harassment in India (Counterclaim ¶¶ 23-25) and allegations relating to Tuckerbrook's conduct during settlement negotiations (Counterclaim ¶¶ 26 - 36) do not give rise to anything remotely approaching a plausible claim that Tuckerbrook caused "process" to issue against Mr. Banerjee for an ulterior purpose. According to Exhibit 5 to the Counterclaims, the alleged harassment in India purportedly took place sometime in early 2010, during the pendency of Tuckerbrook v. Banerjee II, which was filed on October 6, 2009 and was settled on June 29, 2011.[2] Tuckerbrook was well within its

---

[2] In prior submissions filed by Mr. Banerjee in Tuckerbrook v. Banerjee II, Mr. Banerjee claimed that his house servants were illiterate and did not understand what they had been served with, which makes his claim of harassment of his servants all the more absurd. Because the

7

rights to notice Mr. Banerjee's deposition in Tuckerbrook v. Banerjee II as a party defendant and investigating the veracity of his excuse not to appear for a noticed deposition is not an abuse of process. Moreover, Mr. Banerjee's allegations that Tuckerbrook's attempts to settle Tuckerbrook v. Banerjee II (Counterclaim ¶ 26) and this case (Exhibit 7 to the Counterclaims) are somehow an abuse of process is absurd. Abuse of process is only available if the process is used for an ulterior purpose for which it was not designed or intended. See Piccone, 720 F. Supp. 2d at 146-147, Beecy, 387 Mass. at 595. Clearly, Tuckerbrook's proposal of settlement terms cannot be considered evidence of abuse of process when tendered during the actual litigation, just because Mr. Banerjee objects to the proposed terms.

Tuckerbrook does not dispute that it caused process to issue against Mr. Banerjee in initiating this case and the previous case of Tuckerbrook v. Banerjee II. To the contrary, Tuckerbrook brought both lawsuits in good faith, based on incontrovertible evidence that Mr. Banerjee breached the confidentiality and non-disparagement provisions of 2008 Settlement Agreement. Tuckerbrook had no ulterior motive in bringing either of these lawsuits against Mr. Banerjee, and Mr. Banerjee fails to allege a single plausible ulterior motive in his counterclaims. As such, vague assertions that Tuckerbrook "sued Banerjee and held a club over Banerjee" to extort a "favorable deposition" and an "Affidavit" are just the kind of "bald assertions, unsupportable conclusions, [and] opprobrious epithets" that courts should not credit. See Chongris v. Bd. of Appeals, Town of Andover, 811 F.2d 36, 37 (1st Cir. 1987), citing Snowden v. Hughes, 321 U.S. 1, 10 (1944).

---

claims of harassment are at the core of Mr. Banerjee's defamation claim, this Court is entitled to consider Mr. Banerjee's prior submission in this Motion to Dismiss. Waterson v. Page, 987 F.2d 1, 3 (1993). Attached to the accompanying transmittal affidavit of Sean T. Carnathan as Exhibit B is a true copy of a letter from Sumanta Banerjee to The Honorable Judge William Young, filed on May 19, 2010, and identified as Document 17 in Case 1:09-cv-11672-WGY.

Finally, Mr. Banerjee fails to allege with any type of specificity how he has been damaged by Tuckerbrook's purported abuse of process. Tuckerbrook has filed a well plead complaint against Mr. Banerjee, for among other things breaching the 2008 Settlement Agreement and Banerjee has failed to allege a single fact which would shed any light on how he has been damaged by such actions. Mr. Banerjee has therefore failed to state a claim against Tuckerbrook upon which relief can be granted. Hence, Mr. Banerjee's counterclaim for Abuse of Process must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Mr. Banerjee's Claim for Purported Defamation (Count II) by Tuckerbrook's Counsel and Agents Rely Upon Privileged Statements and in any Event Are Vague, Conclusory and Insufficient to State an Actionable Claim.

Mr. Banerjee's defamation claims must be dismissed because statements purportedly made by counsel and/or private investigators acting in connection with pending litigation are privileged, and the allegations in the counterclaims fail to identify a single defamatory statement or the identity of the purported agents of Tuckerbrook and therefore fail to state an actionable claim.

### A. Mr. Banerjee's Claim for Purported Defamation by Tuckerbrook's Counsel and Agents Rely Upon Privileged Statements.

Mr. Banerjee alleges in his counterclaim for defamation that Counsel for Tuckerbrook made disparaging statements and agents for Tuckerbrook harassed him and disparaged him while he was residing in India; however, even if true, such claims do not constitute defamation. Statements made by Counsel for Tuckerbrook are protected by the absolute litigation privilege and cannot be grounds for a defamation claim. See Taylor v. Swartwout, 445 F. Supp. 2d 98, 102 (D. Mass. 2006), quoting Sriberg v. Raymond, 370 Mass. 105, 109 (1976)(The "absolute privilege protects statements made 'in the institution or conduct of litigation or in conferences and other communications preliminary to litigation.'"), Davidson v. Cao, 211 F. Supp. 2d 264,

275 (D. Mass. 2002) (quotations and citations omitted)("[S]tatements by a party, counsel or witness in the institution of . . . a judicial proceeding are absolutely privileged provided such statements relate to the proceeding."). Moreover, investigating the veracity of a claimed basis to avoid a deposition in connection with pending litigation is not cognizable as disparagement; it is a proper activity that is protected by the litigation privilege. Leavitt v. Bickerton, 855 F. Supp. 455, 458 (D. Mass. 1994) (extending attorney's litigation privilege to cover statements by private investigators: "it is of little significance that the statements made to Mrs. Leavitt's former employers were made by a private investigator and not by an attorney"); see also Taylor v. Swartwout, 429 F. Supp. 2d 209, 214-15 (D. Mass. 2009) (also extending attorney's absolute litigation privilege to cover alleged actions by private investigators).

### B. Banerjee's Defamation Claim Must be Dismissed Because the Counterclaims Absolutely Fail to Allege Facts to Support Tuckerbrook's Liability for any Alleged Statements by Tuckerbrook, Its Counsel and/or Purported Agents.

Count II of Mr. Banerjee's counterclaims for defamation must be dismissed because it consists of nothing more than conclusory and unsupportable assertions that Tuckerbrook "has sent its agents all the way to India to the Plaintiff's place of residence to harass and disparage the Plaintiff [Mr. Banerjee] to both authorities and Plaintiff's doctors. Defendants' Counsel, Carnathan repeatedly makes misstatements, outright lies, and purposely tries to confuse and obfuscate this Honorable Court." Counterclaims, ¶ 43.[3] Mr. Banerjee's broad, sweeping and conclusory allegations that Tuckerbrook has "made many disparaging remarks about Plaintiff

---

[3] This is the second time Mr. Banerjee has tried to assert such frivolous claims against Tuckerbrook. On or about May 24, 2010, Mr. Banerjee initiated a lawsuit against Tuckerbrook in this Court in an action titled, Banerjee v. Tuckerbrook Alternative Investments L.P. v. Sumanta Banerjee, C.A. No. 1:10-cv-10894-WGY. In that case, Mr. Banerjee asserted almost identical factual assertions relating to the conduct of Tuckerbrook's purported agents in India. Tuckerbrook and Mr. Hassett filed a motion to dismiss; however, Mr. Banerjee voluntarily dismissed his claims before the Court could rule on the motion. Mr. Banerjee should be sanctioned for bringing these frivolous claims a second time.

[Banerjee] as well as admitting that private investigators have been hired to harass and follow the Plaintiff" and has "continually and repeatedly made misstatements, misrepresentations, and outright lies about the Counterclaim Plaintiff Banerjee" are facially implausible and insufficient to establish a legal claim for which relief can be granted. (Counterclaims ¶¶44 - 45).

Even assuming for the sake of argument that Mr. Banerjee had pleaded sufficient factual allegations to support his claim that actionable derogatory and defamatory statements were made, his claim nevertheless fails because he has not alleged any facts to support his conclusory assertion that Tuckerbrook hired these men for the express purpose of disparaging and defaming Mr. Banerjee. In the absence of any supporting allegation to make plausible the assertion that Tuckerbrook hired these men to defame Mr. Banerjee in India, this conclusory and facially absurd allegation must fail. Ashcroft, 129 S. Ct. at 1949 (pleading standards require facial plausibility); see Veranda Beach Club Ltd. Partnership v. Western Sur. Co., 936 F.2d 1364, 1376 (1st Cir. 1991) (principal liable only for agent's actions within scope of authority); Theos & Sons, Inc. v. Mack Trucks, Inc. 431 Mass. 736, 743 (2000) (An agency relationship is created when there is mutual consent that the agent is to act on behalf and for the benefit of the principal, and subject to the principal's control.) Restatement (Second) of Agency §§ 7, 8 (1958) ("Even where an agent-principal relationship exists, however, the principal has liability for the agent's acts toward third parties **only if** the agent was acting within the scope of the actual or apparent authority of the principal.")(emphasis added). With no such allegations to support the conclusion that these men acted in the scope of their authority, Banerjee's claims must fail.

Having failed to describe any actual defamatory or derogatory statements and failed to explain how he was actually harmed as a result of any such statements, Mr. Banerjee has failed to state a claim. See Second Restatement of Torts, § 558 (To support a claim for defamation a

11

plaintiff must satisfy four elements: (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher [with respect to the act of publication]; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.). In short, Mr. Banerjee's bald, conclusory allegations, predicated on privileged conduct, must fail. See Deering v. Physiotherapy Associates, Inc., 601 F. Supp.2d 368, 378-379 (D. Mass. 2009) (Broad pleadings are insufficient to notify a party of a specific cause of action). At every turn, Mr. Banerjee fails to meet the pleading requirements of Fed. R. Civ. P. 8(a) and fails to state a claim based on plausible factual allegations upon which relief can be granted. The deficient pleadings and scant factual allegations do not support the legal conclusions set forth in Banerjee's complaint which, therefore, should be dismissed with prejudice.

### III. Mr. Banerjee's Breach of Contract Claim (Count I) Fails Because the 2011 Settlement Agreement has been Declared Null and Void and Mr. Banerjee's Claim for the Return of $12,500 is Nothing More Than an Affirmative Defense of Set-Off.

The only assertion with any merit in Mr. Banerjee's Counterclaims is the allegation that Tuckerbrook is obligated to repay to Banerjee the $12,500 payment made in accordance with the 2011 Settlement Agreement, which has been rendered null and void by Judge Hinkle's Arbitration Award. However, Mr. Banerjee's claim for the return of the $12,500 amounts to nothing more than an affirmative defense of Set-Off against the $209,028 that Tuckerbrook is seeking from Banerjee as damages for breaching of the 2008 Settlement Agreement. As such, the breach of contract claim should be properly considered an affirmative defense of Set-off to Tuckerbrook's claim for breach of contract.

## IV. Mr. Banerjee's Claim for Violation of M.G.L. c. 93A Must be Dismissed for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6).

In Count IV of the Counterclaims, Mr. Banerjee asserts a claim for violation of M.G.L. c. 93A. Tuckerbrook contests many of the purported facts alleged by Mr. Banerjee in support of this claim. But even accepting the allegations as true, which it must for purposes of this motion, the claim for 93A violation must be dismissed because Mr. Banerjee's allegations are based upon the other counts in the Counterclaims, all of which must be dismissed for failure to state a claim.

The counterclaims contain no credible, factual allegations whatsoever of conduct by Tuckerbrook that comes close to type of conduct that is required to trigger liability under Chapter 93A. Assuming, for the sake of argument, that the failure to allege an actionable deceptive or unfair act did not require dismissal of the Chapter 93A claim, the counterclaim still must be dismissed because Mr. Banerjee has failed to allege any injury apart from that caused by the alleged breach of contract. See Callahan v. Harvest Bd. Int'l, Inc., 138 F. Supp. 2d 147, 167 (D. Mass. 2001) (Plaintiff's 93A claim dismissed because plaintiff failed to allege injury apart from that caused by the alleged breach of contract). Merely asserting a counterclaim for repayment of the $12,500 paid in accordance with the 2011 Settlement Agreement, as Banerjee has done in this case, is not a 93A violation. See Quaker State Oil Refining Corp. v. Garrity Oil Co., Inc., 884 F.2d 1510, 1514 (1st Cir. 1989) (rejecting 93A claim were defendant withheld payment and countersued unsuccessfully for set-off and stating "a wrongful set-off, without more, cannot violate ch. 93A").

Accordingly, Plaintiff's Chapter 93A claim must be dismissed.

## **CONCLUSION**

Based on the foregoing, this Court should dismiss all counts of Mr. Banerjee's Counterclaim pursuant to Fed. R. Civ. P. 8(a)(2) for proffering insufficient pleadings and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and award the Plaintiff Tuckerbrook its costs and such other and further relief as the Court deems just.

                                      TUCKERBROOK ALTERNATIVE
                                      INVESTMENTS, L.P.

                                      By its attorneys,

                                      __/s/ Sean T. Carnathan_____
                                      Sean T. Carnathan (BBO #636889)
                                      Email: scarnathan@ocmlaw.net
                                      O'Connor Carnathan & Mack LLC
                                      8 New England Executive Park, Suite 310
                                      Burlington, MA  01803
                                      Telephone:  781.359.9000
                                      Facsimile: 781.359.9001

September 6, 2013

## CERTIFICATE OF SERVICE

I, Sean T. Carnathan, hereby certify that a true and accurate copy of the foregoing Motion to Dismiss has been filed and served through the Court's electronic filing system, this 6th day of September, 2013, and that a hard copy has been forwarded directly to the Defendant by e-mail.

/s/ Sean T. Carnathan
Sean T. Carnathan

4819-5644-3669, v. 1