# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TUCKERBROOK ALTERNATIVE INVESTMENTS, LP., <br><br> Plaintiff, <br><br> v. <br><br> SUMANTA BANERJEE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) CASE NO. 12-CV-11643-GAO <br> ) <br> ) <br> ) <br> ) <br> ) |

## MOTION TO IMPOUND PLEADINGS AND EXHIBITS CONCERNING THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Local Rule 7.2, the Plaintiff Tuckerbrook Alternative Investments, L.P. ("Tuckerbrook") brings this motion requesting an order impounding the Plaintiff's Motion for Partial Summary Judgment and exhibits thereto, which the Plaintiff intends to file after a ruling on this motion. The documents Tuckerbrook seeks to impound are marked "FILED UNDER SEAL" and/or contain information designated by the parties as confidential.

In support of this Motion, Tuckerbrook states as follows:

1. Tuckerbrook filed an action against Banerjee in the United States District Court for the District of Massachusetts, Tuckerbrook Alternative Investments L.P. v. Sumanta Banerjee, C.A. No. 08-10636-PBS ("Tuckerbrook v. Banerjee I"), alleging that Banerjee violated several clauses in an employment agreement. Affidavit of Sean T. Carnathan in Support of the Plaintiff's Motion to Impound (the "Carnathan Impoundment Aff."), ¶3.

2. On September 23, 2008, following a day of mediation with Magistrate Hillman, Tuckerbrook and Mr. Banerjee entered into a settlement resolving Tuckerbrook v. Banerjee I.

Transcript of the Settlement Conference Before The Honorable Timothy S. Hillman, United States Magistrate Judge. Dated September 23, 2008. Id. at ¶ 4.

3. The settlement was memorialized by transcription in open court in the U.S. District Court for the District of Massachusetts in Boston, which is marked as "FILED UNDER SEAL" ("2008 Transcribed Settlement Agreement"). Id. at ¶ 5.

4. Without limitation, the 2008 Transcribed Settlement Agreement included the following confidentiality provision: "The parties have agreed to keep the settlement agreement and its contents confidential . . .". Id. at ¶ 6.

5. At the direction of Magistrate Hillman, the parties also entered into a written settlement agreement which was signed by Mr. Banerjee on November 7, 2008, and which was effective as of September 23, 2008 (the "2008 Written Settlement Agreement"). The 2008 Written Settlement Agreement includes terms and conditions that the parties agreed to keep confidential. Id. at ¶ 7.

6. Tuckerbrook intends to file a Motion for Partial Summary Judgment on its breach of contract claim, submitting evidence that Mr. Banerjee violated the confidentiality provision of the settlement. Id. at ¶ 8.

7. Tuckerbrook asserts that the text of the following pleadings contain references settlement terms and information that the parties have designated confidential:

    a) The Plaintiff's Memorandum of Law in Support of its Motion for Partial Summary Judgment;

    b) The Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment;

Id. at ¶ 9.

2

8. Further, Tuckerbrook has submitted twelve (12) exhibits in support of its summary judgment motion. Several of the exhibits contain the confidential terms and conditions of settlement. Id. at ¶ 10.

9. The following exhibits to Tuckerbrook's motion for partial summary judgment reference and/or contain information that was either filed under seal with this Court or that the parties have designated as confidential:

| | |
|---|---|
| Exhibit B: | 2008 Transcribed Settlement Agreement |
| Exhibit C: | 2008 Written Settlement Agreement |
| Exhibit D: | Affidavit of John J. Hassett |
| Exhibit F: | Judge Hinkle's Final Award in the arbitration entitled Tuckerbrook Alternative Investments L.P. v. Sumanta Banerjee, JAMS Arbitration No. 1400013543. |
| Exhibit H: | Deposition Transcript (Excerpts) of Sumanta Banerjee |
| Exhibit I: | Deposition Transcript (Excerpts) of Scott Seaman |
| Exhibit J: | Handwritten Notes of Scott Seaman |
| Exhibit K: | Deposition Transcript (Excerpt) of Sandra Bacak |
| Exhibit L-N: | E-mails from Defendant Sumanta Banerjee |

Id. at ¶ 10.

10. Plaintiff's Memorandum, the Statement of Material Facts and Exhibits listed above all contain, discuss and/or quote the terms and conditions that the parties agreed to keep confidential.

11. If the Motion is allowed, then Tuckerbrook suggests that the confidential documents attached to the Carnathan Transmittal Affidavit shall be placed in an appendix in a separate envelope, with a confidentiality legend on the envelope. A public version of the

Carnathan PSJ Affidavit with attached documents will also be filed, with the confidential materials removed. A public version of the Memorandum, the Statement of Material Facts will also be filed, with the confidential information redacted. Full, unredacted versions of the Memorandum, the Statement of Material Facts, and the Carnathan Transmittal Affidavit will be filed in a separate envelope with a confidentiality legend on the envelope.

## CONCLUSION

For all the foregoing reasons, the Plaintiff respectfully requests that the Court impound Plaintiff's Memorandum in Support of his Motion for Partial Summary Judgment, the Plaintiff's Statement of Undisputed Material Facts, and the confidential documents attached to the Carnathan Transmittal Affidavit.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1, Tuckerbrook hereby requests that this motion be scheduled for an oral argument.

Respectfully submitted,

TUCKERBROOK ALTERNATIVE
INVESTMENTS, L.P.,

By its attorneys,

/s/ Sean T. Carnathan
Sean T. Carnathan (BBO #636889)
Email: scarnathan@ocmlaw.net
Benjamin S. Kafka (BBO #640993)
Email: bkafka@ocmlaw.net
O'Connor Carnathan & Mack LLC
1 Van de Graaff Dr., Suite 104
Burlington, MA 01803
Telephone: 781.359.9000
Facsimile: 781.359.9001

Dated: November 13, 2013

4

## Local Rule 7.1(A)(2) Certification

I certify that my firm attempted in good faith to conference this motion with Mr. Banerjee, who is *pro se*, by sending him an e-mail on November 6, 2013. As of the filing of this motion, Mr. Banerjee has not responded to the e-mail.

/s/ Sean T. Carnathan
Sean T. Carnathan

## CERTIFICATE OF SERVICE

I, Sean T. Carnathan, hereby certify that a true and accurate copy of the foregoing Affidavit of Sean T. Carnathan has been filed and served through the Court's electronic filing system, this 13th day of November, 2013, and that a copy has been forwarded directly to the Defendant by e-mail.

/s/ Sean T. Carnathan
Sean T. Carnathan

4841-2189-9285.v 1