IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TUCKERBROOK ALTERNATIVE INVESTMENTS, LP,<br>Plaintiff & Counterclaim Defendant | )<br>)<br>)<br>) |
| v. | ) Case No. 1:12-cv-11643<br>) |
| SUMANTA BANERJEE,<br>Defendant & Counterclaim Plaintiff | )<br>)<br>) |

**AFFIDAVIT OF SUMANTA BANERJEE IN SUPPORT OF THE MOTION IN OPPOSITION TO IMPOUND PLEADINGS AND EXHIBITS AND MOTION TO SUPPRESS AND PROTECTIVE ORDER AGAINST ADMISSABILITY OF EXHIBITS D, I, AND K**

I, Sumanta Banerjee, under oath, state as follows:

1. I am a pro se litigant in this case. I have personal knowledge of the matters set forth herein.

2. Tuckerbrook Alternatives, L.P. ("Tuckerbrook") has filed a Motion to Impound certain documents related and unrelated to this particular litigation. The documents (Exhibits B-N, referenced to in Documents 26 & 27 filed 11/13/13) that Tuckerbrook is asking this court to impound include

   a. Depositions

   b. Settlement Agreement of 2008

   c. Arbitration findings

   d. Notes

   e. Emails.

3. The other documents, Exhibits D,I,K, (as referenced to in the Document 26 and Document 27, Motion to Impound dated November 13, 2013) that Tuckerbrook is asking the Court to take that extraordinary step to impound are, documents that I was not a party to. I was not present at the depositions that Tuckerbrook is asking to impound, neither was my counsel and I was not even made aware of when those depositions were taken. Furthermore, the subject matter and the parties of those other exhibits, Exhibits D, I, K in cases *FST:cv-11-6010952-S* (Stamford, CT Superior

Court) and *C.A. no 4:08-cv-3501* (Houston, TX Federal District Court) are not the same as this litigation.

4. Furthermore, Tuckerbrook and Mr Sean Carnathan of O'Connor, Carnathan and Mack, LLC repeatedly make the erroneous statement that the "parties have agreed" to keep these documents confidential. Mr. Carnathan continually makes the erroneous and blatantly incorrect statement I was one of the "parties" that agreed to keep the documents confidential and sealed. In reality and in fact, the <u>only</u> document that was agreed by all the "parties" to be sealed was the 2008 Settlement Agreement. The Parties could not agree to a Settlement Agreement and a Confidentiality Provision that was mutually acceptable until the Settlement Transcript of September 2008 became the *defacto* Settlement Agreement executed by both parties (Tuckerbrook and Banerjee) in November 2008. As a result there are numerous material facts that continue to be disputed in this matter by both Mr. Banerjee and Tuckerbrook including Mr. Banerjee's claims for which detailed Discovery with interrogatories and several Depositions are needed.

Signed under the penalties of perjury this 26th day of November, 2013.

Sumanta Banerjee
*(electronic Signature)*

## CERTIFICATE OF SERVICE

I, Sumanta Banerjee, hereby certify that a true and accurate copy of the foregoing Affidavit of Sumanta Banerjee has been filed and served through the United States Postal service this 27th day of November, 2013 and that a copy has been forwarded directly to the Plaintiff by email.

Sumanta Banerjee
*Pro se* Litigant