FILED
IN CLERKS OFFICE
2015 MAR 26 PM 2 56
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TUCKERBROOK ALTERNATIVE
INVESTMENTS, LP

   Plaintiff and CounterClaim Defendant

v.

SUMANTA BANERJEE,

   Defendant and CounterClaim Plaintiff

CASE NO. 12-CV-11643-GAO/LTS

Mr. Banerjee respectfully puts forth the below information for the benefit of the Court.

1. The case in question has not been through the discovery phase. Banerjee as the Defendant and Counterclaim Plaintiff should receive the right to conduct Discovery so that he may get access to depositions as well as other relevant documents that were introduced as evidence in this case by the Plaintiff. As a point of information. Banerjee was NOT present at any of the depositions that have been entered in this case nor was he give the ability to cross examine any of the deponents.

2. These Depositions in questions were placed under Seal, which Banerjee objected to as he had not even been given the opportunity to listen to any of them. These depositions were given in conjunction with another case, although related.

3. There are related matters to this case- one in Stamford, CT Superior Court and one in Southern District of Houston, TX, _FST-X08-CV-11-6010952_ and _H-08-CV-3501_, respectively. The first of the two cases (Superior Court of Stamford CT) was just opined upon by the Court. This case seems to be completely closed. The Court did rule against Tuckerbrook and its managing member, Mr. John Hassett.

4. Banerjee although a citizen of the United States, resides in India and would require time to acquire new counsel to represent him in this case.

5. It is the opinion of Banerjee that the process of discovery could be as long as nine months as it would require extensive discovery of many documents that the Plaintiff produced for the above reference earlier, related cases.

6. The Court should also be aware that the related case to this one, in fact the identical case to this, _09-CV-11672_, was settled. The reason the Plaintiff decided to file this case is to somehow try and force Banerjee to divulge information that Tuckerbrook could then use in the Stamford Superior Court case attached. Tuckerbrook failed to acknowledge that Banerjee did not have anything additional that was usable in their other related cases. This follow-on case is nothing more than an attempt to strong arm and blackmail Banerjee into providing documents that never existed.

7. Banerjee objects to the Plaintiff's request of motion of Summary Judgment as there are too many facets of this case that need to be investigated and a summary judgment would deny the Defendant and the Counterclaim Plaintiff's right to a fair trial.

8. Banerjee respectfully requests that the Court deny any premature attempt at summary judgment by Tuckerbrook as this case needs discovery and depositions to prove to the court that the claims against Banerjee are <u>meritless</u> and <u>an abuse of process</u> causing the Court to waste valuable resources.

9. Banerjee also respectfully requests that this Court mandate a Mediation to settle this matter out of court, rather than waste the courts resources.

Respectfully submitted
Sumanta Banerjee
Kolkata, India
March 25, 2015

CERTIFICATE OF SERVICE

I hereby certify that this document filed via mail and will be sent electronically to the other parties in this case.

Sumanta Banerjee